560 So.2d 1364 (1990)
Patricia Lee MULFORD, Appellant,
v.
L. Patrick SULLIVAN, Appellee.
No. 89-2902.
District Court of Appeal of Florida, First District.
May 9, 1990.
*1365 Ned I. Price, of Lewis and Price, Jacksonville, for appellant.
Russell Healey, Jacksonville, for appellee.
ERVIN, Judge.
Patricia Lee Mulford appeals an order modifying an award of child support, which directed her and her former husband, L. Patrick Sullivan, to each pay half of the child support the trial court determined was required by Section 61.30, Florida Statutes (1987), and half of Mulford's attorney's fees. We reverse on all points and remand.
The parties were divorced in 1980. The custody and support awards in the original order were modified thrice thereafter; the final modification order was rendered in 1989, and is the subject of this appeal. Mulford's last motion for modification cited as grounds both the increased needs of the parties' two children, Michael and William, and a substantial increase in Sullivan's income. Although the trial court concluded that a substantial change in circumstances warranted a modification of the existing support obligations, it nonetheless required the former wife to contribute the same amount to the minor children's support as the former husband was directed.
In 1989 Sullivan's income as a data processing coordinator at Barnett Bank was $69,251.00, a sum substantially higher than the amount he earned at the time of the entry of both the dissolution judgment and most recent modification award. Sullivan's income was also significantly greater than that earned by the former wife, who had obtained a substitute teaching certificate after the divorce, and in 1989 earned an average monthly income of $50 for working one day per month as a substitute teacher. Upon calculating the parties' combined total net monthly income of $3,671.00, the court concluded, based upon the minimum recommended guidelines provided in section 61.30(6), that Mulford and Sullivan should each pay half of $1,147.00 per month for the support of the two minor children during the period from February 1989 through September 1989 (the month in which William reached his majority), and half of $738.00 thereafter for the support of Michael.
The trial court's order was in error, in that it failed to apportion correctly each parent's responsibility pursuant to the guidelines. In allocating responsibility for child support, the guidelines require the court to divide "each parent's net income by the combined net income." § 61.30(8), Fla. Stat. (1987). According to such division, Mulford would be responsible for one percent of the child support ($50.00 divided by $3,671.00). The trial court nonetheless imputed to Mulford an ability to earn a far *1366 greater income than that which the evidence showed she had earned, saying:
This is another case not contemplated by the guidelines. The former wife is remarried, is a certified teacher but averages only $50.00 a month. There was no evidence of what would be a reasonable income if she worked full time for the Court to impute income and be in a position to apportion responsibility of each for support of the children. .. . In the absence of proof of what percentage each parent should pay, the Court has found that each parent should contribute equally to the support of the children.
It appears to us that the lower court was of the opinion that because Mulford is a certified teacher, she has the capacity and opportunity to earn an amount equal to that earned by her former husband. If this was in fact found by the trial court, it is not supported by the evidence. Mulford is certified not as a teacher, but as a substitute teacher. She testified that she was attempting to increase her working hours, but that at present she was being asked to substitute only one day per month. There is nothing in the record disclosing that she had declined any offers to work more often. The lower court therefore erred in directing the former wife to contribute an amount equal to that of her former husband for the children's support.
In addition to the above error, the lower court incorrectly calculated Sullivan's net income. Section 61.30(3), which enumerates the allowable deductions from gross income, permits a deduction for mandatory retirement payments. The court, however, erroneously deducted $259.00 from Sullivan's monthly income  the amount he contributes to a 401K retirement plan which he explicitly characterized as voluntary.
We therefore reverse the order of modification and direct the lower court to apportion, consistent with the evidence presented, each parent's responsibility to provide child support pursuant to section 61.30(8).[1] This shall be based upon Sullivan's gross income minus the deductions specifically enumerated in section 61.30(3), combined with Mulford's income of $50.00 per month.
Addressing the issue of attorney's fees, we also agree that the trial court erred in awarding Mulford's attorney a fee based on 18.97 hours at $125.00 per hour. It appears from the final order that the court considered the total amount of time expended by Mulford's attorney (25.30 hours), and then subtracted the hours he spent litigating an issue on which Sullivan prevailed.[2] This court has specifically stated that an award of attorney's fees under Section 61.16, Florida Statutes, "depends not upon who prevails but rather upon the relative financial resources of the parties." Kissinger v. Mason, 436 So.2d 1049, 1051 (Fla. 1st DCA 1983). Therefore, the trial court abused its discretion in disregarding a portion of the time expended by Mulford's attorney for the reason that Sullivan had prevailed on a litigated issue. Accord Hudgens v. Hudgens, 411 So.2d 354, 355 (Fla. 2d DCA 1982). Furthermore, although Mulford requested that she be awarded costs, the court made no such award. Section 61.16 authorizes the court to award attorney's fees and costs based upon the relative financial resources of the parties. McLendon v. McLendon, 483 So.2d 498, 499 (Fla. 1st DCA 1986). On remand, the court should consider the substantially higher income of Sullivan and award attorney's fees and costs accordingly.
We reverse the order and remand the case to the trial court for it to determine *1367 the parties' responsibilities for child support, attorney's fees, and costs in a manner consistent with this opinion.
SHIVERS, C.J., and BOOTH, J., concur.
NOTES
[1] The trial court does have discretion under section 61.30(10) to adjust the parties' obligations, if necessary.
[2] Mulford had contended that for purposes of determining whether there had been a substantial change in circumstances in Sullivan's financial resources, the period from 1980, the date of dissolution, to 1989 was the relevant period. Sullivan responded that the relevant period was from 1987, the date the prior order of modification was issued, until 1989.