599 So.2d 213 (1992)
Melvin O. CARLTON, Jr., Appellant,
v.
Ellen S. CARLTON, Appellee.
No. 91-3285.
District Court of Appeal of Florida, First District.
May 13, 1992.
*214 Barry L. Zisser and Nancy N. Nowlis, Jacksonville, for appellant.
Dale G. Westling, Sr. and David A. Hertz, Jacksonville, for appellee.
SHIVERS, Judge.
This appeal is from a final judgment of dissolution of marriage. The former husband raises six issues, and we find that three have merit.
First, the parties were unable to agree on the distribution of their relatively large amount of personal property. In this case a coin flip relative to the personal property was to take place after the entry of the order on appeal. Thus, there is no basis for appellate review. Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1990). Accordingly, remand is required for the trial court either to rule on the equities of the actual distribution of the personal property on the lists submitted by the parties or to equitably distribute the property.
Second, the trial court ordered "that the Wife shall have a COBRA option to continue health insurance through the Husband's carrier." In addition, the trial court ordered that "[f]or so long as [his] support obligation continues, the Husband shall maintain major medical and dental insurance for the benefit of the minor child." The uncontroverted evidence is that the former husband does not have access to group insurance except through the former wife's policy at work. There is also no evidence that the former husband's insurance carrier from his prior employment offered a COBRA option, or that if the carrier did offer the option, the window of opportunity to elect the option is still open. Subsection 61.13(1)(b), Florida Statutes *215 (1991), states, "Each order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available. Insurance is reasonably available if the obligor has access at a reasonable rate to group insurance." Therefore, on remand the trial court shall reconsider its ruling on these health insurance matters. In its reconsideration, the trial court shall make specific findings.
Third, the trial court ordered the former husband to pay his former wife's attorney's fees, but the order does not set forth the basis for the award. Thus, on remand the trial court "must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors." Hoffay v. Hoffay, 555 So.2d 1309, 1310 (Fla. 1st DCA 1990).
The remainder of the final judgment of dissolution is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED.
JOANOS, C.J., and BOOTH, J., concur.