KLEIN, Judge.
Former wife moved to modify the final judgment of dissolution and, among other things, requested an extension of rehabilitative alimony. The court extended rehabilitative alimony, finding that former wife “continues to need rehabilitative alimony and will do so until she graduates and is able to establish herself in a job”, but failed to specify how long it would *869 continue. We agree with former husband that the lack of a more definite period of payment was error and reverse.
Former wife also sought relief from the final judgment under Florida Rule of Civil Procedure 1.540. The judgment required former husband to maintain medical insurance with a deductible of “not less than $250.00”, which was an obvious mistake, since it allows the former husband to provide health insurance with no ceiling on the deductible. The trial court concluded that this was a mistake, but that it could not be corrected because the former wife did not seek relief within one year, as is required by rule 1.540(b). We reverse because we conclude that using less, when the court meant more, was the type of mistake “arising from oversight or omission” which can be corrected at any time under rule 1.540(a). Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979) (mistakes arising from an “accidental slip or omission” are covered by rule 1.540(a)).
We find the remaining issues without merit and therefore affirm the remaining portions of the judgment. We remand for the trial court to set a termination date for rehabilitative alimony and to correct the final judgment so it requires former husband to maintain medical insurance with a deductible of not more than $250.00.
HERSEY and FARMER, JJ„ concur.