617 So.2d 736 (1993)
Darrell G. STEELE, June Marie Steele, and Owen Thomas Steele, Appellants,
v.
Elizabeth Ann STEELE, Appellee.
No. 92-02922.
District Court of Appeal of Florida, Second District.
March 31, 1993.
Rehearing Denied May 13, 1993.
*737 Warren R. Ross, Wotitzky & Wotitzky, Punta Gorda, for appellants Darrell G. Steele and June Marie Steele.
Eugene E. Waldron, Jr., Brown, Waldron & Carlton, Arcadia, for appellant Owen Thomas Steele.
Robert M. Grguric, Treiser, Kobza, Leigh & Hagaman, Naples, for appellee Elizabeth Ann Steele.
CAMPBELL, Acting Chief Judge.
Appellants, Darrell G. Steele and June Marie Steele (Husband's parents), third party defendants below, and Owen Thomas Steele (Husband), respondent below, challenge the final judgment dissolving the marriage of Husband and appellee, Elizabeth Ann Steele (Wife), petitioner below, imposing a constructive trust on the marital home in favor of Wife, assessing attorney's fees against Husband and Husband's parents, imputing income to Husband and ordering Husband to pay $125.00 per week in child support. We affirm the imposition of the constructive trust and the imputation of income to Husband, but reverse and remand for correction of the amount of child support and for a hearing on the award of attorney's fees.
Although we find that the record supports the imposition of a constructive trust on the marital home under Abreau v. Amaro, 534 So.2d 771 (Fla. 3d DCA 1988), we are concerned that the written judgment grants Wife a one-half interest in the home, while the oral pronouncement grants Wife only a one-fourth interest. We would affirm the written judgment on the basis that Husband renunciated any interest he had in the home. Since the marital home was determined to be a marital asset, Husband's interest upon his renunciation of his rights thereto was properly awarded to Wife. Given that the parties, Husband's parents and Husband and Wife, constructively *738 held the home as equal partners, we believe that the written judgment's award of one-half of the interest in the home to Wife was proper. There would be no reason to limit her interest to one-fourth.
As conceded by Wife, the court failed to hold a hearing on attorney's fees as required by Florida Patients' Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We reverse and remand the award of attorney's fees to Wife for a hearing under Rowe.
In addition, we are unable to locate any statute or case specifically allowing attorney's fees to be awarded in a constructive trust and partition case and, therefore, direct that in the subsequent proceedings, Husband's parents are not to be held liable for any of Wife's fees although, upon proper findings, Husband could be ordered to pay such fees that grow out of the dissolution proceedings.
Finally, the court erred in ordering Husband to pay $125.00 per week in child support. Wife's total net monthly income was listed in her financial affidavit at $803.85 per month and Husband's imputed income was $2,000.00 per month, for a combined total of $2,803.85 per month. Under section 61.30, Florida Statutes (1991), this amount calls for a total child support need of $589.00 per month, or $7,068.00 per year, or $136.00 per week. Husband was ordered to pay $125.00 per week. Wife's percentage portion is twenty-eight percent, or $38.08 per week, and Husband's portion is seventy-one percent, or $96.56 per week. Even allowing for the five percent bump allowed by the guidelines, Husband's child support should only have been $101.39 per week. Further, if Husband is required to pay the health insurance premium, he is entitled to a credit for that amount against his gross income. Section 61.30(3)(e). We, therefore, direct upon remand that the trial judge reevaluate the needs for child support and provisions for payment thereof according to the instructions of this opinion. Any parties aggrieved by further orders of the court entered after remand may appeal anew those orders.
SCHOONOVER and THREADGILL, JJ., concur.