PER CURIAM.
This cause is before us on appeal from a final order of dissolution of marriage. Appellant contends, inter alia, that the trial court erred in awarding both permanent alimony and a portion of the husband’s pension benefits. At the point in time when the husband retires, he may move for modification of the permanent alimony award. Prior to that point, his argument is premature. We affirm the alimony and equitable distribution awards. However, several other issues merit further discussion.
First, the trial court failed to make findings consistent with the principles enunciated in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). This court has consistently reversed attorney fee orders where the Rowe findings are not present. Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991). Accordingly, we must reverse and remand the award of attorney fees due to the lack of findings.
Next, appellant contends that the trial court erred in failing to cap his liability for the wife’s future medical bills. The final order states in pertinent part:
Husband shall maintain the present existing medical, hospital and dental insurance on the Wife for three (3) years from entry of this Final Judgment Of Dissolution Of Marriage or until the Wife remarries, whichever occurs first, and, in addition, shall pay all reasonable and customary medical, hospital and dental bills for *749 so long as he is obligated to provide health insurance.
Open-ended awards of medical expenses are error and must be reversed. On remand, the trial court must determine the husband’s maximum liability for the wife’s medical, hospital, and dental expenses. Perez v. Perez, 539 So.2d 1178 (Fla. 1st DCA 1989).
Accordingly, we affirm in part and remand in part for proceedings consistent herewith.
BOOTH, SMITH and MINER, JJ„ concur.