618 So.2d 317 (1993)
Katherine B. FABRE, f/k/a Mary K. Levine, former wife, Appellant,
v.
Joseph E. LEVINE, former husband, Appellee.
No. 92-2597.
District Court of Appeal of Florida, First District.
May 7, 1993.
Rehearing Denied June 14, 1993.
*318 Patricia S. Grinsted of Grinsted & Grinsted, P.A., Shalimar, for appellant.
J. Ladon Dewrell, Fort Walton Beach, James P. Judkins of Judkins & Simpson, P.A., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Katherine B. Fabre, seeks review of a final order denying her petition for modification of the judgment of dissolution of marriage. In her petition, appellant sought permission to relocate to South Carolina with her new husband and the minor children born of her prior marriage to appellee, Joseph E. Levine. She also seeks review of an order directing that appellee pay only 60 percent of her attorney's fees. We affirm as to the modification issue, but reverse on the latter.
Restriction on the removal of children from a particular area may be necessary to preserve parental rights, and the courts retain the power to restrict movement of children out of a particular county or state. There is no restriction on a change in residence unless a restriction is contained in the final judgment of dissolution, and, even then, the custodial parent is not barred from obtaining a modification upon a showing of a substantial change in circumstances, and that it would be in the best interests of the child or children to relocate. McIntyre v. McIntyre, 452 So.2d 14, 20 (Fla. 1st DCA 1984). See also Cole v. Cole, 530 So.2d 467, 468 (Fla. 5th DCA 1988). As to the question of substantial change in circumstances and the child's best interests, this court is not at liberty to disturb the trial court's ruling on these issues in the absence of a showing of legal error or an abuse of discretion, which requires a lack of competent, substantial evidence to sustain the trial court's findings. Dinkel v. Dinkel, 322 So.2d 22, 24 (Fla. 1975); Parker v. Parker, 519 So.2d 673, 675 (Fla. 1st DCA), review dismissed, 531 So.2d 1354 (Fla. 1988); McIntyre, 452 So.2d at 20.
In the instant case, we do not find in the record the existence of any legal error or abuse of discretion by the trial judge in denying appellant's modification/relocation petition, and we therefore affirm on such issue. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). And see, e.g., Ferguson v. Baisley, 593 So.2d 319 (Fla. 4th DCA 1992) (no abuse of discretion in denying mother's petition to relocate children to New Mexico).
Turning to the attorney-fee issue, Florida case law has repeatedly stated that an award of fees in a domestic relations proceeding is not dependent upon who prevails, but rather on the relative financial resources of the parties. Mulford v. Sullivan, 560 So.2d 1364, 1366 (Fla. 1st DCA 1990); Kissinger v. Mason, 436 So.2d 1049, *319 1051 (Fla. 1st DCA 1983); Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982). In the instant case, the trial court correctly found that appellant had financial need and appellee had the ability to pay appellant's attorney's fees, yet it directed appellee to pay only 60 percent of the fees, because appellant did not prevail on the relocation issue. Such a ruling constitutes an abuse of discretion. Mulford, Hudgens. Consequently, we reverse and remand with directions to enter an order directing appellee to pay the entire fee and costs.
We provisionally grant appellant's petition for attorney's fees and costs at the appellate level and remand to the trial court to determine the amount of such an award. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
MINER and WOLF, JJ., concur.