PER CURIAM.
Appellant raises three points, all of which have merit. Accordingly, we reverse and remand with direction to proceed in accordance herewith.
The trial court abused its discretion in the total award of alimony and child support. See Todesco v. Todesco, 583 So.2d 774 (Fla. 4th DCA 1991); Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990). Further, it erred in failing to set a date for termination of rehabilitative alimony. See Roth v. Roth, 615 So.2d 868 (Fla. 4th DCA 1993); Sumner v. Sumner, 480 So.2d 706 (Fla. 5th DCA 1986); Zilbert v. Zilbert, 287 So.2d 100 (Fla. 3d DCA 1973). Finally, the-trial court erred in awarding an attorney’s fee without any evidence in support thereof. See Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
GLICKSTEIN, C.J., and WARNER and FARMER, JJ., concur.