626 So.2d 278 (1993)
Pamela Kay PITTS, Appellant,
v.
Richmond B. PITTS, Appellee.
No. 93-135.
District Court of Appeal of Florida, First District.
November 2, 1993.
*280 Bill A. Corbin, Blountstown, for appellant.
Rowlett W. Bryant of Bryant & Higby, Chartered, Panama City, for appellee.
JOANOS, Judge.
The former wife appeals from two child support modification orders; the former husband cross-appeals from the second child support modification order. The issues raised by the former wife with respect to the first modification order challenge the trial court's (1) failure to make the child support increase retroactive to the filing date of the petition, and (2) denial of the former wife's petition for attorney's fees. The issues raised by the former wife with respect to the second modification order challenge the trial court's (1) reduction of child support, (2) denial of enforcement of past due child support, and (3) denial of the former wife's petition for attorney's fees. The former husband's cross-appeal issue contests the propriety of an increase in child support in the first modification order which exceeds the child support guidelines without explanation. We reverse.
The final judgment of dissolution of the parties' marriage issued March 28, 1983. It placed primary parental responsibility of the parties' then three-month-old daughter with the former wife, and directed the former husband to pay child support in the amount of $167.50 per month. On September 10, 1991, the former wife filed a petition for modification, seeking an increase in the original child support, on grounds of a substantial change in the circumstances of the parties and the minor child. The petition alleged that prior to filing the petition, the former wife asked the former husband to increase child support in accordance with the child support guidelines, but he refused to do so. The former husband's response admitted the former wife's request, and stated the former husband agreed to increase child support, but refused the amount of increase requested.
At the hearing on the wife's petition for modification, the former husband's testimony reflects that under an agreement with his employer, Grice Site and Earth Development Company (Grice), he would receive a twelve and one-half percent interest in the company if he remained with Grice for seven years. In addition to his salary, the company furnished him a vehicle for both business and personal use. The former husband acknowledged that he curtailed his personal use of the company vehicle in January 1992, upon commencement of the instant litigation. The record reflects that the company attorney has represented the former husband without charge, throughout all of the child support modification proceedings, and in another divorce proceeding occurring contemporaneously with the second modification proceeding.
The former wife testified that in the nine years since the final judgment, the former husband paid no increased support beyond the $167.50 monthly child support ordered in the 1983 final judgment. In 1991, the former husband provided an additional $75.00, in response to the former wife's request for help with the cost of school clothes for the child, but he had refused her requests for financial help when the child was small and in full-time day care. She further testified that at the time of the hearing, her 76-year old father watched the child after school because she could not afford to pay for child care. The former wife said that due to her father's heart condition, he was unable to provide full-time care during the summer. Her testimony reflects that after-school child care would cost at least $20.00 per week, and the least expensive full-time child care for *281 the summer months would be $7.00 to $9.00 per day. The record further reflects that the child is in need of braces, and other dental care.
In a letter dated April 6, 1992, Judge Cole advised the parties that he found a material change in circumstances, and an increase in child support would be ordered, together with other provisions for the child's welfare. Shortly thereafter, the former wife filed a motion for restraining order to prevent the former husband from harassing her, her family, and her attorney.
The modification order dated April 24, 1992, directed the former husband to pay child support of $500.00 per month, beginning April 10, 1992; to maintain a decreasing term life insurance policy securing the present value of child support until the child's 18th birthday; and to maintain hospitalization insurance on the child. The order also made the parties responsible for their own attorney's fees. On April 27, 1992, three days after issuance of the order increasing child support, the former husband voluntarily terminated his employment with Grice.
Both parties filed motions for rehearing. The former husband maintained that the child support, as modified, exceeds the guidelines, and the life and health insurance premiums should be offset against the child support award. The former wife sought retroactive child support to the date of the petition for modification. Both motions for rehearing were denied.
On June 17, 1992, the former wife filed a motion for contempt, alleging the former husband had violated the terms of the modification order. The wife's attorney submitted two affidavits, on the question of a reasonable attorney's fee. On July 22, 1992, the former husband filed a petition for modification of child support, seeking abatement of the order dated April 24, 1992, on grounds that subsequent to entry of the order, the former husband changed jobs, resulting in a pay decrease from $525.00 to $500.00 per week. On July 14, 1992, the husband's changed employment terminated. An amendment to the petition stated that the husband had begun receiving unemployment compensation of $250.00 per week, he proposed to pay the former wife $250.00 per month in child support, and asked the court to make this sum firm.
On November 19, 1992, a hearing was held before Judge Roberts on the former husband's petition for modification of child support and the former wife's petition for contempt. J.D. Swearingen testified that he employed the former husband from May 5, 1992, until July 13, 1992, at $500.00 per week. Swearingen said that when the husband made it known he was unhappy with his position, he was told to resign.
The former husband offered several explanations for his decision to leave his employment with Grice, including concern about his mother's health, a loan secured by his mother's property, and the work slow-down at Grice. He said he had been looking for work since he left the job with Swearingen; his job search contacts for purposes of unemployment compensation were introduced into evidence. The former husband said he had not attempted to return to Grice because he does not get along with the company's president. The former husband was receiving unemployment compensation in the amount of $1,000.00 per month. He acknowledged that he owns his own home, he belongs to a hunting club and had paid his $200.00 annual dues in August 1992, and in March 1992, he paid $10,995.00 for a new Nissan pick-up truck.
The president of Grice testified that during his employment, the company paid one-half of the cost of the former husband's health insurance, and furnished him with a vehicle. She confirmed that the former husband would gain a twelve and one-half percent interest in the company after a seven-year tenure. Grice's president further stated the former husband voluntarily terminated his employment.
According to the former wife's testimony, after Judge Cole indicated he intended to increase child support, the former husband called her at 10:00 on Sunday morning, April 12th, furious about the judge's decision. The former wife testified:
He had just found out what Judge Cole was going to do. He told me that there *282 was no way he could pay it. There was no way he would pay it. That he would quit his job if he had to. He would get a job making minimum wage and he would take me back and he would have it reduced and that is a quote.
The former wife further stated that the former husband was $1461.00 in arrears in child support. In addition, the former husband had allowed the child's medical insurance to lapse twice, as the former wife discovered when she took her daughter to the emergency room and the pharmacy. The policy taken out by the husband was strictly accidental hospitalization, so the child was covered only with regard to accidental injuries. The former wife stated that during the open enrollment period at her place of employment, she added her daughter to her insurance with the understanding that the former husband would reimburse the $67.00 monthly increase. However, the former husband had paid nothing other than the support amounts reported by the clerk.
Judge Roberts found the husband left his employment with Grice for legally sufficient reasons, that he was terminated from Swearingen through no fault on his part, and that he has actively sought employment since his termination. The court ordered child support modified as of July 22, 1992, the date the former husband filed the petition for modification of Judge Cole's order. The judge ordered the support recomputed, based on the husband's unemployment income.
The decision whether to make a child support award retroactive to the date of filing the petition is a matter within the trial court's discretion. Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992); Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992); Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991). Nevertheless, "[i]t is an abuse of discretion, ... to fail to award support from the date of the petition for modification where the need for the support and the ability of the former spouse to pay existed at the time the modification petition was filed." Anderson, 609 So.2d at 89; Davis v. Davis, 581 So.2d 1005 (Fla. 1st DCA 1991); Friedman v. Friedman, 307 So.2d 926, 927 (Fla. 3d DCA 1975).
The record in this case is clear that the need for increased child support existed on September 10, 1991, when the petition for modification was filed. It is undisputed that there had been no increase in child support between entry of the final judgment in 1983, when the child was three months old, and the filing of the petition, when she was eight years old. The former husband had no support obligations other than himself and the $167.50 per month he contributed toward his daughter's support. In contrast, the former wife's gross monthly income was $1591.00, out of which she was required to provide food, clothing, and shelter for herself and the parties' child, together with the child's school expenses, after-school care, and care during the summer months. These circumstances make the requisite showing of need for increased support at the time the modification petition was filed.
Because the record further reflects the former husband had the ability to meet that need when the petition was filed, we conclude the trial court abused its discretion in failing to make the increased child support retroactive to the filing date of the petition.
An award of attorney's fees in a domestic relations proceeding is dependent upon the relative financial resources of the parties. Fabre v. Levine, 618 So.2d 317 (Fla. 1st DCA 1993); Mulford v. Sullivan, 560 So.2d 1364, 1366 (Fla. 1st DCA 1990). See also Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). Moreover, it may be an abuse of discretion to award a partial attorney's fee when the record demonstrates one party's need and the other party's ability to pay. In Fabre, the trial court's order directing the husband to pay only sixty percent of the wife's attorney's fees was reversed and remanded with directions to require the husband to pay the entire fee and costs. Accord Pfeifer v. Pfeifer, 616 So.2d 1190 (Fla. 4th DCA 1993) (Error to deny attorney's fees and costs to wife, due to existence of undisputed and substantial disparity in the income of the parties).
*283 In this regard, the record reflects that the former husband's income exceeded that of the former wife, and, as the custodial parent, the wife's financial responsibilities were greater than those of the former husband. The record also indicates that the former husband has had the benefit of free legal representation throughout these proceedings. Although the record indicates that neither party was well-to-do, the undisputed disparity in their respective incomes made it unreasonable to deny the wife's request for attorney's fees and costs, particularly since the fees and costs were incurred due to the husband's refusal to provide a fair share of his child's support voluntarily.
A reduction of child support may be warranted due to changed circumstances which are substantive, material, involuntary, and permanent in nature. Manning v. Manning, 600 So.2d 1274, 1275 (Fla. 1st DCA 1992); Thomas v. Thomas, 589 So.2d 944, 947 (Fla. 1st DCA 1991); Conklin v. Conklin, 551 So.2d 1279 (Fla. 4th DCA 1989). The clean hands doctrine precludes a court from relieving a party of his or her support obligation, when the decrease in ability to pay resulted from the party's voluntary acts, e.g., permitting a thriving business to be closed, making no effort to become re-employed, or divesting himself or herself of the ability to pay. Thomas, 589 So.2d at 947.
In Manning, the former husband was dismissed from a temporary job paying $18.00 per hour, due to a back condition first revealed on a physical exam. Manning was not precluded from regaining the position if he could meet certain conditions; two weeks later, he accepted a permanent position paying $9.00 per hour, together with certain benefits, and the possibility of a promotion within six months. This court approved the trial court's refusal to reduce Manning's child support obligations, because the reduction in income had not been shown to be permanent. However, the court found an abuse of discretion in the trial court's failure to grant "emergency" or temporary relief from that obligation, stating: "The former husband is entitled to an order temporarily reducing child support payments during such time as it is reasonably necessary for him to reestablish himself." Manning, 600 So.2d at 1276. See also Ronan v. Ronan, 621 So.2d 518 (Fla. 1st DCA 1993); McConnell v. McConnell, 552 So.2d 237 (Fla. 1st DCA 1989).
Despite some evidence to the contrary, the record contains evidence to support the trial court's conclusion that the husband's unemployment was involuntary, and that his subsequent unemployment was not willful. However, the record will not support a finding that the husband's unemployment is permanent. The former husband is a healthy, able-bodied 32-year old heavy equipment operator, with a good work record and a history of steady employment as a supervisor in his field. In view of these facts, we conclude the reduction in income ought not be viewed as permanent. Rather, it appears the former husband's circumstances fit within the Manning scenario, entitling him to an order temporarily reducing child support payments during the time reasonably necessary for him to reestablish himself. Manning, 600 So.2d at 1276.
With regard to the retroactive reduction of child support, the first modification order increasing child support issued April 24, 1992, effective April 10, 1992. At that time, the former husband was employed by Grice. Although he changed jobs, he was employed continuously at essentially the same salary until July 13, 1992, when he was asked to resign because he told Swearingen he was unhappy in his position. This scenario fails to show the existence of the substantial change in circumstances prior to July 13, 1992, that would justify retroactive application of the order reducing the amount of the former husband's child support obligation. The former husband's employment was continuous and his earnings were stable from May through July 13, 1992. Judge Roberts' denial of child support arrearages from May until July 1992 effectively overruled Judge Cole's prior determination made in April 1992, that changed circumstances warranted an increase in child support. We conclude the denial of child support arrearages, which equated to a retroactive reduction of child support, was an abuse of discretion in the circumstances of this case.
*284 As stated above, it may be an abuse of discretion to deny attorney's fees in a dissolution proceeding, where one party's financial position is substantially inferior. Similarly, where there is a substantial disparity in the incomes of the parties, it is an abuse of discretion to award only a part of the attorney's fee, rather than the entire amount. Further, it is error to award attorney's fees if there is no evidence in the record to support the award, see Mayo v. Mayo, 619 So.2d 513 (Fla. 4th DCA 1993), and without making the findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). See Payne v. Payne, 617 So.2d 748 (Fla. 1st DCA 1993); Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Carlton v. Carlton, 599 So.2d 213 (Fla. 1st DCA 1992).
Although Judge Roberts refused to receive evidence on the former wife's petition for attorney's fees, he ordered the former husband to pay $250.00 toward those attorney's fees. The partial award constitutes an implicit finding that, despite the husband's unemployed status, his financial situation was superior to that of the wife. This further demonstrates the impropriety in the reduction in child support.
The former husband's cross-appeal contests the increase in child support, because it exceeded the child support guideline amount. The child support guidelines are applicable to a petition for modification filed after the July 1, 1987, effective date of the support guidelines, even though the original child support decree was entered prior to adoption of the support guidelines. Martinez v. Garcia, 575 So.2d 1365, 1366 (Fla. 3d DCA 1991). It is reversible error to depart from the child support guidelines without provision of a written finding or a specific finding on the record explaining why it would be unjust or inappropriate to order payment of the guidelines amount, as required by section 61.30, Florida Statutes. Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991); Martin v. Martin, 616 So.2d 158 (Fla. 3d DCA 1993). See also Steele v. Steele, 617 So.2d 736 (Fla. 2d DCA 1993). Section 61.30(1)(a), Florida Statutes, provides:
The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter. The trier of fact may order payment of child support in an amount different from such guideline amount upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate. (Emphasis supplied.)
In the first modification proceeding, Judge Cole awarded child support in the amount of $500.00, without making a specific finding on the record explaining why the guidelines amount would be unjust or inappropriate. As the husband asserts, this amount exceeds the husband's pro rata share under the support guidelines. Common life experience teaches that the husband's child support payment of $167.50 per month for the first nine years of his child's life was unjust and inappropriate. During that nine-year period, the husband's income increased by $10,000.00, and always exceeded that of the former wife. In such circumstances, the modification order providing an increase from $167.50 to $500.00 per month could be viewed as an attempt to do equity between the parties. However, in light of the clear language of the statute, we conclude it was error to award child support in excess of the support guidelines without a specific oral pronouncement on the record, or a specific written finding, explaining why the guidelines amount was inappropriate.
In summary, the first modification order increasing child support is reversed and remanded for entry of an amended order explaining why the trial court found the child support guideline amount unjust or inappropriate, or for entry of an amended order awarding the child support guideline amount. In addition, the first modification order should make the increase retroactive to the date the petition for modification was filed. On remand, the trial court should receive *285 evidence on the wife's petition for attorney's fees, and should make a determination as to a reasonable attorney's fee award to the former wife in accordance with the Rowe requirements.[1] Since the record will not support a conclusion that the former husband's reduction in income is permanent, the second modification order reducing child support is reversed and remanded for issuance of an amended order temporarily reducing the former husband's support obligation for the period of time deemed reasonably necessary to reestablish himself, at which time the child support should return to the amount previously determined to be just and appropriate. Finally, the partial attorney's fee awarded to the former wife in connection with the second child support modification order is reversed and remanded for computation of an attorney's fee in accordance with Rowe.
Accordingly, this cause is reversed and remanded for further proceedings in accordance with this opinion.
BOOTH and SMITH, JJ., concur.
NOTES
[1] In making this determination, the trial court may consider that the former husband refused the former wife's request for an increase in child support without litigation, and that the former husband has had the benefit of free legal representation throughout these proceedings.