PER CURIAM.
This cause is before us on Appellant/Mother’s appeal of the trial court’s order granting Appellee/Father’s petition for a downward modification of support for the parties’ two minor children, ages 8 and 13. The trial court found on the record that Father had “voluntarily and unilaterally taken himself out of the full work force to pursue education,” yet awarded a substantial decrease in his monthly child support obligation. This was an abuse of the trial court’s discretion. See Hirsch v. Hirsch, 642 So.2d 20, 22 (Fla. 5th DCA 1994) (“Because the trial court specifically found that the decrease in the father’s income was voluntary, it was error for the court to reduce the father’s child support obligation.”); Pitts v. Pitts, 626 So.2d 278 (Fla. 1st DCA 1993) (“The clean hands doctrine precludes a court from relieving a party of his or her support obligation, when the decrease in ability to pay resulted from the party’s voluntary acts ...”); see also Sistrunk v. Sistrunk, 235 So.2d 53, 56 (Fla. 4th DCA 1970) (“[W]e think it clear that an able-bodied gainfudly employed ex-wife cannot justify an increase in alimony payments on the grounds of increased need through the simple expediency of voluntarily leaving the gainful employment she had theretofore enjoyed even though her motive be [sic] to further her formal education.”). Nevertheless, the record suggests that Father has experienced recent difficulties which may justify a temporary reduction in his child support obligation. See Pitts, 626 So.2d at 283 (reversing and remanding for further proceedings where father’s circumstances appeared to have entitled him to an order temporarily reducing child support payments during the time reasonably necessary for him to reestablish himself).
REVERSED and REMANDED for further proceedings.
BOOTH, JOANOS and WOLF, JJ., concur.