VAN NORTWICK, Judge.
Jack Clinton and Marjorie Clinton, the parents of Richard Clinton, the former husband in the dissolution action below, appeal an order modifying the final judgment of dissolution, arguing that the trial court erred in requiring them to pay $14,889.89, the equity in the former marital home which had been transferred to them pursuant to the final judgment, to appellee, Kimberly M. Clinton Carver, the former wife, and in finding them responsible for her reasonable attorney’s fees. Because the husband’s parents subjected themselves to the jurisdiction of the lower court and competent, substantial evidence supports the relief granted by the trial court, we affirm that portion of the order requiring the payment of $14,889.89 to the former wife. The attorney’s fee award must be reversed, however. Since the husband’s parents are not “parties” under section 61.16(1), Florida Statutes (1993), the trial court had no authority to order them to pay fees in this dissolution action.
Kimberly M. Clinton Carver and Richard Clinton were divorced on October 29, 1990. The former wife was awarded primary residential custody of the parties’ two sons. The final judgment of dissolution provided:
The Former Wife shall receive the exclusive use and possession of the marital home. Pursuant to agreement of parties, the parties shall execute an assignment of their interest in the home to Jack Clinton and Marjorie Clinton and in return Jack Clinton shall build a home titled in Former Wife’s name pursuant to the attached plans and specifications on property belonging to Jack Clinton and Marjorie Clinton in Hidden Glenn. The assignment shall be furnished to Jack Clinton and Marjorie Clinton upon the delivery of a contract for the building of the home of approximately 1,000 square feet. The home is to be completed within six months. The Former Wife’s remaining price on the home to be built shall be no more than $12,000, plus the equity of Husband and Wife in the present marital home. The Court specifically reserves jurisdiction regarding this matter.
The former wife and former husband transferred their marital home to the former husband’s parents, who sold the house producing net proceeds of $14,889.89, representing the equity in the former marital home. In the meantime, as contemplated by the final judgment, the former wife entered into a contract with her former father-in-law, Jack Clinton, under which he was to construct a home for her. The former wife was required to obtain a mortgage loan to pay the $12,000 balance of the price of the new house. She was unable to obtain financing, however, without an acceptable cosigner on *644 the promissory note. John Carver, who the former wife later married, agreed to co-sign, but Jack Clinton refused to build the home if Mr. Carver was involved. As a result, the necessary financing was never completed.
In March 1991, Kimberly Clinton married John Carver. At about this point in time, the former wife decided she did not want to live in a house built by her former father-in-law and she and her new husband purchased another home.
On August 22,1994, the former wife filed a motion to modify the final judgment and motion for equitable relief. The motion alleges that her former husband’s parents had retained the $14,889.89 proceeds from the sale of the marital home and that, as a result of the actions of Jack Clinton, the Carvers purchased a home other than a house built by Clinton as had been contemplated by the final judgment. The former wife requested the court to modify the final judgment, to order the fqrmer husband’s parents to pay her an amount of money equal to her equity in the marital home, and to require them to pay her attorney’s fees and costs.
On May 23, 1995, the trial court entered the order appealed, requiring the former husband’s parents to pay the former wife $14,889.89 and to pay her attorney’s fees pursuant to section 61.16, Florida Statutes.
The appellants first argue that they were not subject to the trial court’s jurisdiction. We cannot agree. The appellants subjected themselves to the trial court’s jurisdiction in the dissolution proceeding and agreed to be bound by the final judgment dissolving the marriage. Their right to possession of the proceeds from the sale of the marital home arose solely from the terms of a paragraph in the final judgment, quoted above, over which the trial court expressly reserved jurisdiction. Under the circumstances, the trial court had jurisdiction over the former husband’s parents to modify or enforce compliance with its final judgment. See, Rule 1.590, Fla. R. Civ. P. In addition, we find that the evidence supports the relief granted by the trial court, whether the proceeding below is characterized as an enforcement proceeding, Work v. Provine, 632 So.2d 1119 (Fla. 1st DCA 1994), or a modification proceeding, Pimm v. Pimm, 601 So.2d 534 (Fla.1992).
We must agree with the appellants, however, that the trial court did not have the authority to require them to pay the former wife’s attorney’s fees pursuant to section 61.16(1), Florida Statutes (1993). We start with the principle that section 61.16 is in derogation of the common law and should be strictly construed. Kittel v. Kittel, 210 So.2d 1, 3 (Fla.1967). Under section 61.16(1),
[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount of attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
(Emphasis added). Thus, only a “party” can be required to pay attorney’s fees and costs to the “other party.” Although “party” is not expressly defined in Chapter 61, from the usage of the term in the statute it is apparent that “party” in Chapter 61 refers to one of the two parties to the marriage which is the subject of the dissolution proceeding. For example, section 61.021 requires “one of the parties to the marriage” to reside six months in the state, section 61.075(1) relates to “distributing the marital assets and liabilities between the parties,” and section 61.08 authorizes the. court to “grant alimony to either party.” The usage in Chapter 61 of such words as “both” and “either” as adjectives to modify the term “party” or such a prepositional phrase as “between the parties” are clear indications that the legislature intended the “parties” in Chapter 61 to be limited to two and only two persons — the two parties to the marriage which is the subject, to the proceeding under Chapter 61. By the former wife seeking to recover fees from her former husband’s parents, rather than her former husband, she was seeking the payment of her attorney’s fees by persons who were not Chapter 61 parties and, accordingly, who had no statutory obligation to pay her attorney’s fees. See, Price v. Price, 382 So .2d 433 (Fla. 1st DCA 1980), Steele v. Steele, 617 So.2d 736 (Fla. 2d DCA), rev. denied, 626 So.2d 208 (Fla.1993).
*645 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BOOTH and BENTON, JJ., concur.