WHATLEY, Acting Chief Judge.
In case number 97-00372, the Department of Revenue appeals an order entered on its motion to establish medical arrears and payments thereon and its motion to establish ongoing payments toward health insurance premiums. In case number 97-01072, the Department of Revenue appeals an order entered on its petition for modification of child support.[1] The Department argues that in both orders, the trial court erred in excluding arrears for the period preceding the date its motions were filed. We agree and reverse.
In the final judgment of dissolution of marriage entered on October 14,1993, Donald C. Heirholzer, the husband, was ordered to pay $600 in child support per month and 84% of all out of pocket medical expenses not covered by insurance, and he was ordered to maintain health insurance. On April 13, 1994, the husband filed a supplemental petition to reduce child support and alimony, alleging that he was discharged from his job on December 3,1993.
On January 9,1995, the trial court entered an amended order granting the petition.[2] The order temporarily reduced the husband’s child support payments to $147.50 per month.
Thereafter, the Department filed a petition to modify child support, a motion to establish medical arrears and payments thereon and a motion to establish ongoing payments toward health insurance premiums. On December 5, 1996, the trial court issued an order finding that the order entered on January 9, 1995 reducing child support and alimony superseded the final judgment. Therefore, it found that any modification that could be made to child support would only apply retroactively to the date of the filing of a petition for modification. See Pitts v. Pitts, 626 So.2d 278, 282 (Fla. 1st DCA 1993) (“The decision whether to make a child support award retroactive to the date of filing the petition is a matter within the trial court’s discretion.”) The Department argues that the order entered on January 9, 1995 was a temporary order, which did not modify the *684 final judgement of dissolution. Therefore, it argues that the trial court should have considered child support arrears for the time period preceding the date their motions were filed.
A changed circumstance must be permanent to justify a child support modification. Pitts, 626 So.2d at 283; Manning v. Manning, 600 So.2d 1274 (Fla. 1st DCA 1992). If the changed circumstance is not permanent, it is proper for a trial court to grant temporary relief from the support obligation. 600 So.2d at 1276. In Manning, the husband was discharged and he attempted to secure other employment offering comparable pay. However, the husband was only able to obtain employment paying one-half his previous wages. The Manning court held that the husband’s changed circumstance was not permanent because of the possibility that the husband would soon receive higher wages. Id. Therefore, the court held that a temporary order reducing the husband’s child support payments was proper. Id. In the temporary' order, the court held that the husband’s' child support obligations could be reduced “during such time as it is reasonably necessary for him to reestablish himself.” Manning, 600 So.2d at 1276. See Pitts, 626 So.2d at 285.
In the present case, the January 9, 1995 order reduced the husband’s child support obligations because he was discharged from his job. There was no suggestion that his unemployment would be permanent, and indeed, he has since obtained other employment. Therefore, the order reducing his child support payments must be considered temporary. Because the order was temporary, the husband’s child support obligations should have been reduced only during such time as it was reasonably necessary for him to reestablish himself. See Manning; Pitts. Therefore, in determining arrears, the trial court should have considered the husband’s child support obligations for the time period following his reemployment. We reverse and remand this case for the trial court to consider evidence of child support, medical expenses, and health insurance premiums from the date that the husband obtained employment in determining the amount of any arrearage.
We affirm the trial court’s order offsetting the husband’s child support obligations for day care expenses without discussion.
Affirmed in part and reversed in part.
NORTHCUTT and GREEN, JJ., concur.

. On our own motion, we consolidate these cases for the purpose of preparing one opinion.

. The order is titled "Amended Temporary Order Granting Supplemental Petition for Reduction of Child Support and Alimony.” It specifically states that the husband’s obligations are "temporarily reduced.” Further, the only difference between the amended order and the original order granting the petition is the addition of the word “temporary."