PLEUS, J.
The Department of Revenue (DOR), on behalf of Richard Skirko, appeals an order denying its petition to increase child support. DOR argues that the trial court erred in deviating from child support guidelines without written reasons or record support. We reverse.
Joanne and Richard Skirko were divorced in 1995. Mr. Skirko was awarded custody of their son but was not awarded child support because of Mrs. Skirko’s lack of ability to pay. In 1999, a Dade County circuit court modified the final judgment, awarding Mr. Skirko $200 a month in child support. In 2001, DOR, on behalf of Mr. Skirko, petitioned the circuit court in Bre-vard County to adopt the 1999 Dade County child support order and increase child support because of Mrs. Skirko’s increased income.
Based on evidence adduced at the modification hearing, the hearing officer found that Mrs. Skirko’s child support obligation under the statutory guidelines should be $380 per month. However, he recommended leaving it at $200 per month because of his conclusion that if he raised her child support obligation, “it would be almost impossible for her to five without public assistance.” The trial court adopted the hearing officer’s recommendations, leaving the child support obligation at $200 per month.
The guidelines amount constitutes a substantial change in circum *1206 stances under section 61.30(l)(b), Florida Statutes (2002), because it is a substantial increase over the existing obligation of $200 per month.[1] The child support guidelines apply to petitions for modification. Pitts v. Pitts, 626 So.2d 278, 284 (Fla. 1st DCA 1993). Section 61.30(1)(a) permits a court to deviate more than five percent from the presumptive guideline amount “upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.” The trial court’s failure to supply written reasons for a substantial deviation from the guidelines is reversible error. Niemann v. Anderson, 834 So.2d 319 (Fla. 5th DCA 2003); Pitts. Without such findings, meaningful appellate review is not possible. Niemann; Pitts.
Accordingly, we reverse and remand with directions to enter an amended order “explaining why the trial court found the child support guideline amount unjust or inappropriate, or for entry of an amended order awarding the child support guideline amount.” Pitts at 284. If the trial court chooses to continue to downwardly deviate it should “set forth in its order the guideline support amount, the amount of downward deviation from the guideline amount, and the reasons for that deviation, so that proper review by this court can be made.” Niemann at 332.[2]
REVERSED AND REMANDED.
THOMPSON and ORFINGER, JJ., concur.

. That subsection provides:
The guidelines may provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted. However, the difference between the existing monthly obligation and the amount provided for under the guidelines shall be at least 15 percent or $50, whichever amount is greater, before the court may find that the guidelines provide a substantial change in circumstances.

. DOR makes additional arguments regarding the lack of record support for a downward deviation. Specifically, DOR argues that the trial court’s apparent concern for Mrs. Skir-ko’s ability to provide for her three other children was improper under section 61.30(12) because at least two of those children were born prior to the 1999 child support order and should not be considered. DOR also argues that the trial court’s comments regarding the cost of day care in New Jersey and Mrs. Skirko having to live on welfare if forced to pay the guidelines amount was speculative. We believe it is premature to address these arguments before affording the trial court an opportunity to either follow the guidelines or give written reasons for its downward departure.