DAVIS, Judge.
 

 Sebastian Joseph Draulans, the Former Husband, challenges the final judgment of dissolution of his marriage to Deidra Jean Draulans, the Former Wife, and the subsequent Amendment to Final Judgment on Fees, Costs, etc. We consolidated these appeals and affirm both judgments except as provided herein.
 

 The trial court dissolved the parties’ seven-year marriage and provided for an equitable distribution of the marital assets and liabilities, set child custody and visitation, and awarded child support. By the subsequent judgment the trial court also ordered the Former Husband to pay the Former Wife’s attorney’s fees and costs. On appeal, the Former Husband challenges the rulings related to the parenting of the child, the limitations placed on his visitation with the child, and the awards of rehabilitative alimony and attorney’s fees. We affirm the trial court’s rulings on all of these challenges except for the provision of the final judgment awarding rehabilitative alimony.
 

 By the final judgment, the trial court determined that the Former Wife was not entitled to permanent periodic alimony. Further, the final judgment noted that the Former Husband had agreed to
 
 *402
 
 pay rehabilitative alimony in the amount of $8500 a month for three years in order to allow the Former Wife to complete her education so that she could become a school teacher. Although the final judgment awards the Former Wife $3500 a month as rehabilitative alimony and states that the purpose was for the Former Wife to complete her education, the trial court did not provide an end date for the payments. The Former Husband argues that such an open-ended award is erroneous, and we agree.
 

 There was a factual dispute between the parties as to whether the Former Wife could complete her education in three years or whether she would need longer. Although the rehabilitative award was specifically made for the purpose of the Former Wife’s education, there was no time period established. It is error to fail to set a termination date for the payment of rehabilitative alimony.
 
 Mayo v. Mayo,
 
 619 So.2d 513 (Fla. 4th DCA 1993).
 

 Accordingly, we reverse the provision of the final judgment awarding rehabilitative alimony and remand for the court to reconsider this issue. We affirm the remainder of the final judgment and the judgment awarding attorney’s fees without comment.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 WHATLEY and KELLY, JJ., Concur.