# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4036
_____

DEPARTMENT OF REVENUE, on
behalf of NEANDRA GILMORE,

 Appellant,

 v.

BYRON JOHNSON,

 Appellee.

_____

On appeal from the Division of Administrative Hearings.
Robert Kilbride, Administrative Law Judge.

August 10, 2018

PER CURIAM.

The Department of Revenue appeals a final support order on behalf of Neadra Gilmore (mother), which set Byron Johnson's (father) monthly child support obligation. We reverse because the monthly support obligation, after accounting for Mr. Johnson's other monthly child support obligations, appears either to have been miscalculated or left erroneously unexplained under § 61.30(1)(a), Florida Statutes.

Mr. Johnson requested an administrative hearing after receiving a Proposed Administrative Support Order issued by the Department with respect to the party's common child. The

Proposed Administrative Support Order set Mr. Johnson's child support obligation under the guidelines at $1,265 per month. After a hearing, the administrative law judge established Mr. Johnson's child support obligation at $900 per month.

The Department appealed arguing that it was improper for the Administrative Law Judge (ALJ) to have considered Mr. Johnson's $720 per month child support payment for other biological children when they were not court-ordered obligations. Mr. Johnson paid child support for his other children more-or-less voluntarily. We recognize the Department's point that § 61.30(3)(f) only provides for subtracting "[c]ourt-ordered" support for other children from a party's gross income in calculating a party's net income. However, the statute gives the trier of fact discretion to adjust a child support award to achieve an equitable result on account of a party's reasonable and necessary existing expenses or debts. *See* § 61.30(11)(a)11., Fla. Stat. That is what the ALJ did here:

> On this record and under these facts, the undersigned believes it would be an abuse of discretion not to consider regular child support payments being made by the Father for his two other biological children. As a result, a downward deviation is awarded.

We find no abuse of discretion in the ALJ's decision to deviate from the guideline amount based on the finding that Mr. Johnson provides "consistent and regular" support payments for his other biological children.

But we do see a problem related to the amount of the ALJ's apparent deviation from the support guidelines. The findings below as to Mr. Johnson's costs for his other children would appear to justify a guidelines-based support payment of about $1,110 per month, substantially higher than the $900 per month ordered below. The final order provided no reasons for deviating downward an additional $200. We recognize that the ALJ also referred to the mother's earning capacity, but we cannot discern whether, or by how much, that factor may have contributed to the final figure. But under a hypothetical guideline where the mother is imputed a $15-per-hour wage, the obligation would not have reached as low as

2

$900. Rather, under those circumstances, the $900 support payment amount would still be more than five percent below the calculated guideline amount. Deviations from the guidelines of more than five percent require additional findings "explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30(1)(a), Fla. Stat.

We therefore reverse and remand for entry of an amended order. On remand, the ALJ should provide calculation details supporting his method of figuring the guideline-based amount of Mr. Johnson's obligation. And if the ALJ decides to deviate by greater than five percent from the guideline amount, he should explain why the guideline amount is unjust or inappropriate. *See* § 61.30(1)(a), Fla. Stat.; *Dep't of Revenue v. Skirko*, 855 So. 2d 1205, 1206 (Fla. 5th DCA 2003) (remanding for an explanation of a downward deviation).

REVERSED and REMANDED for additional consideration consistent with this opinion.

WETHERELL, RAY, and OSTERHAUS JJ., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellant.

No appearance for Appellee.