575 So.2d 1365 (1991)
Anthony MARTINEZ, Appellant,
v.
Carmen GARCIA, Appellee.
No. 90-2531.
District Court of Appeal of Florida, Third District.
March 12, 1991.
*1366 Kurzban, Kurzban and Weinger and Steven M. Weinger and Martin A. Feingenbaum, Miami, for appellant.
John Elias, Hialeah, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
COPE, Judge.
Anthony Martinez appeals the trial court's order denying his exceptions to the report of the general master and approving the report. We affirm.
In a November, 1984 agreement Martinez acknowledged paternity of the child born to appellee Carmen Garcia in 1982, and agreed to pay child support. The agreement was ratified and incorporated into a final judgment of paternity entered in 1985. In 1990 the mother moved to modify the level of child support, alleging a substantial change of circumstances. On motion by the mother, the matter was referred to the general master pursuant to Rule 1.490, Florida Rules of Civil Procedure (1989). After hearing the parties the general master entered an order increasing the child support level. The father filed timely exceptions which were denied by the circuit judge without hearing. The father has appealed.
The father first contends that he did not consent to referral of the matter to the general master pursuant to Rule 1.490(c), Florida Rules of Civil Procedure. As the father made no objection prior to commencement of the hearing before the general master, that objection is waived. Bathurst v. Turner, 533 So.2d 939, 941 n. 3 (Fla. 3d DCA 1988).
The father asserts that the child support guidelines are not applicable because the original child support decree was entered in 1985, prior to the July 1, 1987 effective date of the child support guidelines. See ch. 87-95, §§ 3, 25, Laws of Fla. That contention is misplaced. The child support guidelines are expressly applicable "in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter." § 61.30, Fla. Stat. (1989). The guidelines apply in "[a]ny action ... for modification of child support which is filed on or after the effective date of this act [July 1, 1987]... ." Ch. 87-95, § 25, Laws of Fla. As the petition for modification was filed after July 1, 1987, the child support guidelines applied in the modification proceedings.[*]
The father next contends that the mother's motion for modification did not give adequate notice of the relief sought. While the motion was brief, we conclude that it was adequate under the circumstances.
Finally, the father contends that the trial court was obliged to conduct a hearing on the timely filed exceptions. On *1367 that point the father is correct. The Rule so provides. Fla.R.Civ.P. 1.490(h); see Monyek v. Monyek, 453 So.2d 504 (Fla. 3d DCA 1984). Ordinarily we would reverse and remand for the conducting of the hearing. However, on this appeal we have disposed of the legal issues raised by the father. The only remaining contention is that the evidence does not support the general master's findings. The father advances the theory here that the hearing under Rule 1.490(h) would be a hearing de novo, whereas in fact, it would be a review on the record made before the general master. See Ben-Hain v. Tacher, 418 So.2d 1107, 1108 (Fla. 3d DCA 1982). In the absence of a record on which the trial court can review the factual determinations of the master (and given the fact that the father's legal issues have been disposed of here), it would serve no useful purpose to remand for further hearing.
The order under review is therefore affirmed.
NOTES
[*] The decision in Trager v. Trager, 541 So.2d 148, 149 (Fla. 4th DCA 1989), is not to the contrary. In that case the guidelines were held inapplicable to a dissolution proceeding filed prior to July 1, 1987. By the statute's own terms, the guidelines were not applicable to such a proceeding. Ch. 87-95, § 25, Laws of Fla.