590 So.2d 980 (1991)
Monteze BARRS, now Monteze Walker, Appellant,
v.
John Richard BARRS, Appellee.
No. 91-1172.
District Court of Appeal of Florida, First District.
December 3, 1991.
Rehearing Denied January 7, 1992.
*981 Edwin B. Browning, Jr., of Davis, Browning & Schnitker, Madison, for appellant.
Thomas E. Stone, Madison, for appellee.
ERVIN, Judge.
Appellant, Monteze Barrs, the former wife of appellee, John Barrs, appeals an order in which the trial court granted her petition for modification of the child support award which was ordered to be paid by her former husband. She contends that the court erred by making the award retroactive to a date just prior to the final order rather than the date she filed the petition for modification, and by failing to award as a minimum an amount required under the child-support guidelines. We affirm as to the first point and reverse the second.
When the parties' marriage was dissolved, November 20, 1987, appellee was earning $24,000 per year, and the parties agreed that the former husband would pay $150 per month child support. At the time of the hearing on appellant's petition for modification, appellee was earning $34,800 per year, and appellant's monthly income was $2,064.63, making a combined monthly net income of $4,775.44, an amount in excess of the maximum amount provided in the statutory child support guidelines, or $4,200.00. § 61.30(6), Fla. Stat. (1989). In circumstances in which the parents' combined net annual income exceeds $50,000 per year, as here, the guidelines are expressly made inapplicable. § 61.30(1)(b)2, Fla. Stat. (1989). The record moreover reflects that each party has remarried, and that the former husband currently has a child born of his second marriage.
The court increased the child support responsibility of the former husband from $150 to $325 per month. The trial court specifically stated:
The Court does not deem it appropriate to apply the maximum child support guidelines as urged by the Former Wife, for the reason that the guidelines do not take in[to] consideration the Former Husband's child born after the entry of the final judgment on November 9, 1987, by another marriage, and the Former Wife has failed to present evidence that convinces the court that the needs of the child are equal to such maximum guideline amount.
The court also stated that the order would not be retroactive to the date appellant filed the petition, August 14, 1990, but would instead be effective as of March 1, 1991, two weeks before the final order was issued.
We affirm the retroactive date set by the court, because case law leaves to the court's discretion the decision whether to order child support payments to be paid retroactively from the filing of the date of the petition for modification, and appellant does not show an abuse of discretion. McArthur v. McArthur, 106 So.2d 73, 76 (Fla. 1958); Friedman v. Friedman, 307 So.2d 926, 927 (Fla. 3d DCA 1975).
We reverse the trial court's award of child support. In Harrison v. Harrison, 573 So.2d 1018, 1020 (Fla. 1st DCA 1991), this court stated that if the parties' combined income exceeds the $50,000 maximum provided under section 61.30, the trial court must nevertheless "use the maximum presumptive guidelines amount as a `floor' to the child support award." In the case at bar, the trial court's reason for not considering *982 the maximum amount as a "floor" in its modified child support award was that the former husband had a child from a subsequent marriage following the entry of the final judgment. This, in our opinion, is not per se a sufficient reason. We consider it inappropriate for a trial court to consider children from subsequent marriages as a basis for disregarding the amount provided in the guidelines without any evidence before it that support of such children impaired the parent's ability to meet the amount required under the guidelines, or, as in this case, any figure equal to or above the maximum guidelines amount. Appellee's evidence in the case at bar regarding the expenses relating to his new child[1] did not support a reduction from the maximum guidelines amount of $817 to the $325 which the court ordered appellee to pay.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions to the trial court to use the maximum guidelines amount as a base for an award of child support, and to determine the amount of the former husband's obligation accordingly.
WIGGINTON and WOLF, JJ., concur.
NOTES
[1] We note that appellee testified that his current wife was working full time, so we must assume she has been contributing to their child's expenses.