597 So.2d 936 (1992)
Ruth H. REED, Appellant,
v.
David H. REED, Appellee.
No. 91-3824.
District Court of Appeal of Florida, First District.
April 29, 1992.
*937 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee, and Chriss Walker of Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
Richard H. May, Orange Park, for appellee.
ERVIN, Judge.
Appellant, Ruth Reed, appeals a final judgment in which the trial court ordered her former husband, appellee David Reed, to pay $400 per month child support, an amount she contends is inadequate. Appellant also claims the court erred in failing to make the award retroactive to the date she filed her petition. We affirm in part, reverse in part, and remand for further proceedings.
The parties were divorced in Kentucky in 1978. They have one son, who was the subject of the proceedings below. Appellant, a Virginia resident, brought this support action against appellee under the Uniform Reciprocal Enforcement of Support Act (URESA), seeking an increase in appellee's $155 per month child support obligation. The petition was filed in Florida on May 3, 1990. After the trial court directed appellee to pay $441.18 per month, the court granted appellee's motion for rehearing, re-heard the case on October 14, 1991, and thereafter determined the support obligation to be $400.
It is clear from the transcript of the proceedings below that the trial judge improperly based his decision upon his consideration of appellee's support obligations for two children who were the product of appellee's later marriage.[1] In Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991), this court held that it is "inappropriate for a trial court to consider children from subsequent marriages as a basis for disregarding the amount provided in the guidelines without any evidence before it that support of such children impaired the parent's ability to meet the amount required under the guidelines." Id. at 982. Appellee in the case at bar gave no testimony whatsoever that his obligations to his children from his current marriage would impair his ability to pay child support.
We direct the court on remand to apply the child support guidelines provided in the amended version of Section 61.30, Florida Statutes (1991), which took effect October 1, 1991. Ch. 91-246, §§ 5, 9, Laws of Fla. (1991). Under the 1989 provisions of section 61.30, the child support guidelines did not apply to parents having a combined income in excess of $50,000, such as the parties in the instant case. The 1991 amendment raised the combined income ceiling to $108,000. Although appellant's petition was filed before the amendment took effect, we consider the amendment a remedial statute, and thus applicable to proceedings that were pending when the law took effect. Rothermel v. Florida Parole & Probation Comm'n, 441 So.2d 663, 664 (Fla. 1st DCA 1983). We are aware of case law in which courts have held that the initial enactment of the child-support guidelines in 1987 created new rights and liabilities, therefore the guidelines were to be applied prospectively. See Martinez v. Agostini, 579 So.2d 280 (Fla. 3d DCA 1991); Trager v. Trager, 541 So.2d 148 (Fla. 4th DCA 1989). See also Reed v. Reed,[2] 541 So.2d 755 (Fla. 1st DCA 1989) (newly enacted guidelines did "not necessarily apply" to a petition for dissolution filed before the effective date of the guidelines). We do not, however, consider this authority as controlling the situation at bar in which the guidelines were already in effect at the time the petition for support was filed. Instead we regard the amendment to be remedial legislation that may be retroactively applied, because it does not create new rights or liabilities, but instead furthers the remedy or confirms the rights already established by section 61.30 in 1987 when the guidelines were initially enacted. *938 City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961); State v. Kelley, 588 So.2d 595, 597 (Fla. 1st DCA 1991).
On remand, after considering the combined net monthly income from both spouses as provided in the revised guidelines for one child, the court may determine, based upon appropriate criteria, whether the former husband has the financial ability to comply with his percentage share. If the trial court determines that the former husband does not have the means to furnish support in an amount as provided in the guidelines, the court shall enter specific findings "explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30(1)(a), Fla. Stat. (1991).
We affirm the trial court's decision not to require the support payments to be paid retroactively from the date the petitioner filed her URESA action. This is a matter within the discretion of the court, and the record discloses no abuse of such discretion. Barrs, 590 So.2d at 981.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] After hearing argument of counsel, the judge asked appellant's attorney what appellee would owe if the children of his current marriage were taken into account. When counsel said $103 to $104 per week, the judge ruled that appellee would owe $400 per month.
[2] Not related to the parties at bar.