617 So.2d 714 (1992)
Larry PELTON, Appellant/Cross-Appellee,
v.
Sharon D. PELTON, Appellee/Cross-Appellant.
No. 92-484.
District Court of Appeal of Florida, First District.
December 16, 1992.
Rehearings Denied May 27, 1993.
*715 B. Paul Katz, of Chiumento & Katz, P.A., Palm Coast, for appellant/cross-appellee.
Hal Castillo and John J. Rahaim, II, Jacksonville, for appellee/cross-appellant.
SHIVERS, Judge.
The former Husband appealed the trial court's orders granting the former Wife's motions 1) for a modification of the final judgment of dissolution of marriage to increase child support and 2) for an award of attorney's fees. The former Wife cross-appealed the order pursuant to which the lower tribunal struck the nunc pro tunc provision of the upward modification of child support, which change effected the increase of support as of the date of the 1991 modification order, rather than the date of the 1989 dissolution decree. Our careful review of the pertinent statutes and cases persuades us that the trial court based its decision regarding child support on a misperception of which version of the statute applies. We reverse that portion of the order increasing child support, and remand for a recalculation of the parties' net incomes pursuant to section 61.30, Florida Statutes (1991) (child support guidelines). See Reed v. Reed, 597 So.2d 936, 937 (Fla. 1st DCA 1992); Fogg v. Southeast Bank, N.A., 473 So.2d 1352, 1353 (Fla. 4th DCA 1985). We also reverse that part of the order including in the former Wife's income the alimony award from the former Husband as spousal support received "from a previous marriage" pursuant to section 61.30(2)(a)(9), Florida Statutes (1991). The award of attorney's fees must be reversed as well, so that the trial court can reconsider the parties' relative needs and ability to pay and make a determination in light of the necessary recalculations. See Keister v. Keister, 458 So.2d 32, 36 (4th DCA 1984), pet. for rev. den., 466 So.2d 217 (Fla. 1985). As to the former Wife's cross-appeal, we remand for a determination of the effective date of the modification of child support in accordance with the discretion invested in the trial court pursuant to McArthur v. McArthur, 106 So.2d 73, 76 (Fla. 1958); Barrs v. Barrs, 590 So.2d 980, 981 (Fla. 1st DCA 1991).
On the first issue, child support, the trial court found the parties' combined incomes exceeded $50,000 per year. Accordingly, pursuant to the version of section 61.30 used by the trial court, the child support guidelines were deemed inapplicable. See section 61.30(1)(b)2, Florida Statutes (1989). The court determined that $1,580, or $790 per month for each of the two minor children, was a reasonable amount. That award constituted an increase of $500 per month, or $250 per child, from the original support award. We hold that the trial court erred, as a matter of law, in relying on the 1989 version of the child support guidelines.
Although the order of modification was filed prior to October 1, 1991, the effective date of the 1991 amendments of the statutory child support guidelines, see 1991 Laws of Florida, ch. 91-246, the proceedings were pending when the new law took effect. Reed, 597 So.2d at 937. Decisions on Appellant's motion for reconsideration and Appellee's motion for rehearing were rendered in January 1992. See Fla. R.App.P. 9.020(g). We find the case sub judice is controlled by our decision in Reed, where we determined the remedial nature of section 61.30 made it applicable to pending proceedings. We note that the honorable trial judge did not have the benefit of Reed when the award of child support was increased.
The $7,119.41 per month determined to be the parties' combined available income placed them below the $100,800 per year ceiling established in the applicable statute. See section 61.30(1)(b)2, Florida Statutes (1991). In its calculations, the trial court included the $800 per month permanent alimony award in the former Wife's income and did not deduct the $800 from the former Husband's income, thereby *716 raising the second issue. Appellant alleged the failure to allow him the deduction was erroneous because it resulted in the "double inclusion" of the alimony amount in the income available for child support. We believe that the former Husband has misconstrued the statute.
Section 61.30(3)(a)-(f), Florida Statutes (1991), sets forth allowable deductions from gross income. The payor spouse's alimony obligation is not included in this list. The former Husband argued that the list of allowable deductions is not exclusive, and that the trial court's failure to allow him to deduct the amount paid in alimony brought about a result not intended by the legislature. In Harrison v. Harrison, 573 So.2d 1018 (Fla. 1st DCA 1991), we held that the trial court had erred in permitting the husband to deduct the amount of his disability and dental practice overhead insurance prior to the determination of appropriate child support. In Harrison, as in the case at bar, the item for which deduction was sought was not among the statutory deductions in section 61.30(3). We note, however, that the trial court has discretion, pursuant to section 61.30(10)(c), to adjust the minimum child support award, or the parental shares thereof, based on the payment of "spousal support to the obligee." Additionally, section 61.30(10)(i) permits an adjustment of the parental share of child support based on "[a]ny other adjustment which is needed to achieve an equitable result." We find no abuse of discretion in the trial court's not permitting the former Husband to deduct alimony.
The third issue is closely related to the second. Section 61.30(2)(a)9, Florida Statutes (1991), includes in gross income "[s]pousal support received from a previous marriage." Appellant contends the former Wife was required to include the amount of alimony in her income because, at the time of the post-dissolution modification proceedings, the $800 amount constituted support received from their previous marriage. We interpret the disputed language differently, as referring to a marriage previous to the one the dissolution of which is the subject of the modification proceedings. The former Husband has not provided any decisional law supporting his and the trial court's interpretation of section 61.30(2)(a)(9). We hold that the trial court erred, as a matter of law, by including the alimony award in the computation of the former Wife's gross income pursuant to section 61.30(2)(a)(9). On remand, the trial court is directed to determine each parent's percentage share of the child support need in accordance with the formula set forth in section 61.30(8) & (9), Florida Statutes (1991).
The fourth issue involves attorney's fees and taxation of costs. At the original final hearing in this matter, the former Husband introduced the former Wife's petition for voluntary bankruptcy under Chapter 7 of the United States Bankruptcy Act. The petition lists counsel for the former Wife as a creditor whose debt was to be discharged by the bankruptcy. At a subsequent hearing on pending motions, including the motion on attorney's fees and taxation of costs, the former Wife introduced a reaffirmation agreement wherein she reaffirmed the debt to her attorney for the services originally rendered in the final judgment of dissolution proceedings as well as in the appellate proceedings. Under the facts in the record, we hold that the filing of the bankruptcy petition and entry of an automatic stay did not discharge these particular debts. See 11 U.S.C. §§ 362, 523 & 524 (1991); Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); In re Silansky, 897 F.2d 743 (4th Cir.1990); Siegel v. Smith, 65 B.R. 668 (Bankr.W.D.N.Y. 1986).
The trial court found the former Husband's "superior financial condition" justified the granting of the former Wife's petition to tax costs and attorney's fees. In light of the need to recalculate the figures determining an appropriate child support award, the trial court is directed to reevaluate the parties' relative financial resources for purposes of resolving the issue of a reasonable attorney's fee and costs. Peacon v. Peacon, 578 So.2d 781, 783 (3d DCA), rev. den., 589 So.2d 292 (Fla. 1991); *717 Keister. Their financial positions are to be determined after the awards have been made and incomes transferred from the payor spouse to the receiving spouse. See Martinez v. Martinez, 573 So.2d 37, 46-47 (1st DCA 1990), rev. den., 581 So.2d 1309 (Fla. 1991); Benekos v. Benekos, 557 So.2d 942, 943 (Fla. 2d DCA 1990) (wife's award of attorney's fees constituted an abuse of discretion, considering her earnings, child support and alimony, as well as her having received the greater share of marital assets). Thus, prior to a determination of relative financial conditions on the issue of attorney's fees and costs, the amounts paid out by the former Husband for alimony and child support are to be subtracted from his income, and the amount of alimony received is to be added to the former Wife's income. The trial court also must subtract the former Wife's share of the child support duty to determine her income.
The fifth and final issue involves the trial court's determination that the award of increased child support had been improperly entered, to the extent that the award was made nunc pro tunc to April 3, 1989, the date of the final judgment of dissolution. As a result of the order on the former Husband's motion for reconsideration, the trial court effected the upward modification of child support as of the date of the modification order in September 1991.
The former Wife asserted that a retroactive award of the increase in child support was justified because the increased need as of the date of filing the motion was alleged in the request for modification. The former Husband contended Appellee waived the right to retroactive application of the upward modification of child support because she failed to make a specific request for retroactivity in the petition. We agree with the former Wife that no express request for retroactivity was required under these circumstances, so long as the increased need, as of the earlier date, was alleged. See Bloom v. Bloom, 503 So.2d 932 (Fla. 4th DCA 1987); Keel v. Keel, 597 So.2d 433 (Fla. 1st DCA 1992); Friedman v. Friedman, 307 So.2d 926 (Fla. 3d DCA 1975).
Apparently, the trial court rescinded its retroactive application of the modified child support award, based on the belief either that it was required to do so or that the former Wife's motion for modification contained no request for retroactive payments. In fact, the trial court has discretion over whether to order child support payments to be paid retroactively from the filing date of the petition for modification. McArthur; Barrs.
REVERSED and REMANDED, with directions.
BOOTH and WEBSTER, JJ., concur.