PER CURIAM.
Appellant (the former wife) seeks review of an order denying her request to modify the final judgment of dissolution of marriage by increasing the monthly child support obligation of appellee (the former husband). However, we are at a loss to comprehend how we are to determine whether the trial court committed error, because the record reflects that no testimony or other evidence was presented at the hearing before the trial court; nor was any stipulation, either oral or written, reached concerning the relevant facts. Instead, the attorneys representing the parties merely argued their respective positions regarding the facts and the applicable law.
As the moving party, the burden was on the former wife to establish by competent evidence that a substantial change in circumstances, entitling her to increased child support, had occurred since the entry of the final judgment of dissolution of marriage. Lamar v. Lamar, 266 So.2d 376 (Fla. 4th DCA 1972). The former wife failed to carry this burden. Similarly, *95 as the appellant, the burden is on the former wife to demonstrate, from the record, that the trial court committed error. In re Lieber’s Estate, 103 So.2d 192 (Fla.1958). The former wife has failed to carry this burden, as well.
Because the former wife has failed to demonstrate that the trial court committed reversible error when it denied her request for increased child support, we are constrained to affirm. However, our decision is without prejudice to the former wife’s right again to seek an increase in the former husband’s child support obligation, based upon a substantial change in circumstances since the entry of the final judgment of dissolution of marriage.
AFFIRMED.
BOOTH, SHIVERS and WEBSTER, JJ., concur.