FRANK, Judge.
The Department of Health and Rehabilitative Services and Susan McGurl have appealed from an order modifying Thomas McGurl’s child support obligation. They contend that the court abused its discretion in setting the father’s support payment below the amount provided in the guidelines, section 61.30, Florida Statutes (1991). We affirm.
This case evolves from a petition for modification of child support in which the court entered an order in February of 1992. In moving for modification Thomas McGurl alleged that he had suffered changed circumstances; his salary had decreased and his expenses had increased. In considering this matter it is apparent that the court gave due consideration to the needs of the children and the husband’s ability to pay. See Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA1990). In the record are pay stubs from the husband’s employment at Wackenhut Corporation revealing, after deduction for taxes, insurance, social security, and child support, an average biweekly take home pay of $280.00. As demonstrated by his financial affidavit, Thomas McGurl was not living extravagantly on that amount. The court was justified in finding that the husband’s reduced salary, in combination with his increased living expenses, constituted a substantial change in circumstances. See Hale v. Hale, 567 So.2d 527 (Fla. 2d DCA1990). As in Short v. Short, 577 So.2d 723 (Fla. 2d DCA1991), the trial court did not abuse its discretion in setting the husband’s support obligation below the guideline amount.
Affirmed.
SCHOONOVER, A.C.J., and PARKER, J., concur.