635 So.2d 135 (1994)
Wendy Marie WHIGHT, a/k/a Wendy Marie Childress, Appellants,
v.
Tymme Douglas WHIGHT, Appellee.
No. 93-3420.
District Court of Appeal of Florida, First District.
April 13, 1994.
*136 Louis K. Rosenbloum & David H. Levin, of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
Gary L. Porch, Pensacola, for appellee.
MICKLE, Judge.
The former Wife appeals from an Order Modifying Final Judgment Dissolving Marriage that denied her 1992 counter-petition 1) alleging a substantial change in circumstances and 2) requesting an increase in child support. Appellant contends that the trial court erred in finding no evidence of the children's increased need or of a substantial change in circumstances, and in refusing to apply the remedial child support guideline *137 statute, section 61.30, Florida Statutes (1993), to the pending proceedings. We affirm the decision of the trial court ordering a modification of visitation. However, finding that the trial court erred as a matter of law in refusing to permit Appellant to use the 1993 guidelines to prove a substantial change in circumstances, we must reverse that portion of the order denying an increase in child support and remand for further proceedings consistent herewith. § 61.30, Fla. Stat. (1993); Reed v. Reed, 597 So.2d 936 (Fla. 1st DCA 1992) (applying guideline statute amendments to proceedings that were "pending" on effective date of statutory change).
The parties' marriage was terminated pursuant to an April 1987 final judgment of dissolution. In March 1992, Appellee, the former Husband, petitioned to modify the divorce decree as to his rights of visitation with the children. The former Wife filed an answer and counter-petitioned for modification based on these allegations: "[T]here has been a substantial change in circumstances since the entry of the aforesaid Final Judgment, and the children are in need of additional support." In her May 26, 1993, case management conference memorandum, the former Wife specifically listed "[c]hild support according to guidelines" as a disputed issue. Additionally, she filed a support guideline worksheet one day after the first hearing and six weeks prior to the final hearing. We conclude that, prior to the final consideration as to her counter-petition, the former Wife pled sufficient facts to invoke the child support guideline statute and adequately apprised Appellee and the trial court of her intent to rely on section 61.30 as a basis for modification. Barnett Bank of Jacksonville, N.A. v. Jacksonville Nat'l Bank, 457 So.2d 535, 539-40 (Fla. 1st DCA 1984); Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367 (Fla. 4th DCA 1981). Assuming arguendo that Appellant had not pled the guidelines sufficiently, we still would conclude, after reviewing the hearing transcript record, that the issue of the applicability of the guideline statute was fully tried by implied consent. Fla.R.Civ.P. 1.190(b); Hemraj v. Hemraj, 620 So.2d 1300 (Fla. 4th DCA 1993); Owca v. Zemzicki, 137 So.2d 876, 878 (Fla. 2d DCA 1962).
Ordinarily, a child support determination lies within the trial court's sound discretion, "subject to the statutory guidelines and the reasonableness test." Armstrong v. Armstrong, 623 So.2d 1216 (Fla. 4th DCA 1993); Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989). Under statutory subsection (1)(a), the guidelines are applicable to the "proceeding[s] for modification" on former Wife's 1992 counter-petition, even though the original child support decree was entered prior to the July 1, 1987, effective date of the initial child support guideline statute. Pitts v. Pitts, 626 So.2d 278 (Fla. 1st DCA 1993); Martinez v. Garcia, 575 So.2d 1365 (Fla. 3d DCA 1991). The instant appeal, however, involves not a question relating to abuse of discretion, but rather a purely legal question as to whether the trial judge applied the correct legal rule in reaching a decision on Appellant's counter-petition. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).
The statute originally provided that "the guidelines shall not be used to provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted." § 61.30(1), Fla. Stat. (1987). Applying the reasoning implicit in that statutory language, the former Husband contends that Appellant failed to meet her evidentiary burden to show entitlement to any modification of child support, so that denial of her counter-petition was proper. That is not the end of the analysis, however.
As amended, effective July 1, 1992, the statute read: "The guidelines may provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted." § 61.30(1)(b), Fla. Stat. (Supp. 1992). A parallel provision in section 61.14(1), Florida Statutes (Supp. 1992) (enforcement and modification of support), states that "the child support guidelines in s. 61.30 may constitute changed circumstances." A subsequent amendment, effective July 1, 1993, added the following qualifying language relating to proof of a substantial change: "However, the difference between the existing order and the amount provided for under the guidelines shall be at *138 least 15 percent or $50, whichever amount is greater, before the court may find that the guidelines provide a substantial change in circumstances."
Under the terms of the dissolution judgment, the former Husband was required to pay $350.00 a month in child support. At the modification hearing, the trial judge effectively acknowledged that, based on the guideline worksheets submitted by each party and the presumptive amount due under the amended statute, the difference between the initial support award and the current presumptive amount was greater than the statutory threshold amounts ($50.00 or 15 percent) beyond which the trial court "may find that the guidelines provided a substantial change in circumstances." Even so, Appellant's counter-petition was denied, in part because the former Wife was not permitted by the trial court to use the 1993 guideline amounts to provide a basis for showing a substantial change. That ruling is erroneous as a matter of law.
At the August 25, 1993, final hearing on the former Wife's counter-petition, the trial judge stated on the record: "I don't think that it's proper to apply that [1993] statue [sic] retroactively when it wasn't pled, when it couldn't have been pled because [Appellant's trial counsel] didn't know about it at that time." The former Wife asserts that it was error not to apply the remedial measures in the 1993 guidelines statute to the instant trial proceedings, which were "pending" on the effective date of the amended law. We agree, for the reasons stated in Reed, 597 So.2d at 936, 937-38.
Absent an explicit legislative expression to the contrary, a substantive law is to be construed as having prospective effect only. Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985) (characterizing "substantive laws" as "statutes that interfere with vested rights"). However, in that neither the pertinent 1992 nor 1993 amendments to section 61.30 created or removed vested rights as to modification or dissolution judgments, but merely conferred or changed the remedy, (i.e., "the means employed in enforcing a right or in redressing an injury"), see St. John's Village I, Ltd. v. Dep't of State, Div. of Corps., 497 So.2d 990, 993 (Fla. 5th DCA 1990), we hold that the remedial measures in the 1993 amendments were applicable to the instant July-August 1993 modification proceedings, which were "pending" on the effective date of amendment (July 1, 1993). Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992); Reed, 597 So.2d at 936, 937; Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991).
As to the proceedings on remand, we note that, according to subsection (1)(a), the amount set forth in the 1993 amended statute only "presumptively establishes the amount the trier of fact shall order as child support." The trial court may order a child support amount that varies by plus or minus five percent. Alternatively, upon making a written finding or a specific finding on the record that explains why ordering the guideline amount would be unjust or inappropriate, the trial court may order an amount outside the five percent limitation. § 61.30(1)(a), Fla. Stat. (1993); Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992). We caution, however, as have our sister courts, that "[t]he child support guidelines, while helpful, are not to be automatically applied," Todesco v. Todesco, 583 So.2d 774, 775 (Fla. 4th DCA 1991); Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA 1990). Accordingly, in determining whether Appellant, as movant, has met her evidentiary burden, the trial court still should consider any additional evidence, as to the children's needs or the parental ability to pay, that will assist it in making a proper final determination. § 61.14(1), Florida Statutes (1993); Miller v. Schou, 616 So.2d 436, 438 (Fla. 1993) (an increase in parental ability to pay of itself can be sufficient to warrant an increase in child support); Orr v. Orr, 621 So.2d 746 (Fla. 2d DCA 1993); Department of Health and Rehabilitative Services v. McGurl, 614 So.2d 648 (Fla. 2d DCA 1993). It is not enough for counsel simply to argue "their respective positions regarding the facts and the applicable law," absent a stipulation or the taking of "testimony or [presentation of] other evidence" at hearing. Wainwright v. Wainwright, 610 So.2d 94 (Fla. 1st DCA 1992).
*139 The former Wife has raised another issue regarding retroactivity of a provision, to wit, whether on remand the trial court should make retroactive (to the filing date of counter-petition) an upward modification of child support, if any increase is awarded. Although we need not address the merits of this question, we note that the decision to make such an award retroactive lies within the trial court's discretion. Butler v. Brewster, 629 So.2d 1092 (Fla. 4th DCA 1994); Pitts, 626 So.2d at 278, 282; Pelton, 617 So.2d at 714, 717; Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992) (it is abuse of discretion to fail to award support from date of petition for modification where need of support and ability to pay existed on the earlier date); Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991).
The modification order is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings relating to the request for an increase in child support.
ERVIN and DAVIS, JJ., concur.