826 So.2d 480 (2002)
Nicole S. MILLER, n/k/a Nicole Carlson-Abney, Appellant,
v.
Darren MILLER, Appellee.
No. 1D01-4389.
District Court of Appeal of Florida, First District.
September 20, 2002.
Thomas L. Powell, Esquire of Powell & Mack, Tallahassee, for Appellant.
Kristin Adamson and Jerome M. Novey of Novey, Mendelson & Adamson, Tallahassee, for Appellee.
*481 BENTON, J.
The former wife appeals an order entered in post-dissolution modification proceedings insofar as the order denies her request that the former husband be ordered to pay her attorney's fees, insofar as the order awards child support in an amount reduced by what she contends is an excessive allowance for travel expenses the former husband may expect to incur in visiting the parties' children, and insofar as the order fails to award increased child support retroactive to the filing of her petition. We affirm the trial court's decision not to award attorney's fees, but we reverse the rest of that portion of the order challenged on appeal, and remand with directions that the trial court reconsider the treatment of the travel expense issue, including the question of retroactivity, after making appropriate findings.
On the basis of the former husband's child support guidelines worksheet, the trial court concluded that the former husband was responsible for seventy-five per cent of the parties' child support expenses and that the former wife was responsible for twenty-five per cent, not counting travel expenses. The trial court then ruled that the former husband
should receive financial consideration in the cost of the great distance he has to travel to be with his sons, [and] reduced his child support obligation accordingly, ($1,277.00-$422.00 = $850.00 [sic] per month). Further, $422.00 per month is not 100% of the Father's travel expenses based on the number of visits, considering the miles traveled, food and lodging for the children and other expenses....
The former wife contends that, in reducing monthly child support by $427.00 (five dollars more than the order acknowledged), the trial court allocated to her at least eighty-two per cent of the transportation expenses it anticipated the former husband would incur in visiting the children. While this contention is not without record support, it is not clear from the record, in the absence of findings, what amount of travel expenses the trial court anticipated or how the amount was arrived at.
We remand for findings as to the number of visits contemplated and the amount of travel expenses such visitation will reasonably entail, and in order that the trial court can allocate visitation travel expenses in the same guidelines ratio as governed allocation of the other child care expenses, unless the trial court makes findings explaining why a different allocation "is needed to achieve an equitable result." § 61.30(11)(k), Fla. Stat. (1997). See Coons v. Coons, 765 So.2d 167, 174 (Fla. 1st DCA 2000) ("As `[t]he expense of transporting the minor child for visitation is a childrearing expense like any other,' such expenses `should be shared by the parents in accordance with their financial means' according to section 61.30, Florida Statutes (1997). See [Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla. 3d DCA 1998) ]; Willey v. Willey, 683 So.2d 647 (Fla. 4th DCA 1996).").
On remand, after the court has revisited the amount of child support, it should also reconsider the question of making child support retroactive to the date the former wife filed her counterpetition seeking an increase in child support. "When child support is modified, retroactivity is the rule rather than the exception." Levi v. Levi, 780 So.2d 261, 263 (Fla. 3d DCA 2001) (citing Nierenberg v. Nierenberg, 758 So.2d 1179, 1180 (Fla. 4th DCA 2000)). The trial court's stated rationale for declining to order retroactive child support lacks any basis in the court's findings, and does not explain why a monthly amount already (perhaps excessively) reduced to allow for the former husband's travel expenses is appropriately set off *482 against his travel expenses a second time, retroactively.
The decision whether to make a child support award retroactive to the date of filing the petition is a matter within the trial court's discretion. Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992); Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992); Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991). Nevertheless, "[i]t is an abuse of discretion,... to fail to award support from the date of the petition for modification where the need for the support and the ability of the former spouse to pay existed at the time the modification petition was filed." Anderson, 609 So.2d at 89; Davis v. Davis, 581 So.2d 1005 (Fla. 1st DCA 1991); Friedman v. Friedman, 307 So.2d 926, 927 (Fla. 3d DCA 1975).
Pitts v. Pitts, 626 So.2d 278, 282 (Fla. 1st DCA 1993). Accord Davies v. Turner, 802 So.2d 1195, 1196 (Fla. 1st DCA 2002); Bardin v. State, Dep't of Revenue, 720 So.2d 609, 611 (Fla. 1st DCA 1998); Beal v. Beal, 666 So.2d 1054, 1054 (Fla. 1st DCA 1996) (requiring award where "the child's need and the [father]'s ability to pay existed at the time of the filing of the petition for dissolution"); Campbell v. Campbell, 635 So.2d 44, 46 (Fla. 1st DCA 1994) (same where "the child's increased need for support and the former husband's ability to pay the increased child support existed at the time the former wife's petition for modification was filed."); Reeves v. Reeves, 586 So.2d 1345, 1346 (Fla. 1st DCA 1991) (same); Davis v. Davis, 581 So.2d 1005, 1005 (Fla. 1st DCA 1991) (same).
Affirmed in part, reversed in part, and remanded.
BOOTH and Van NORTWICK, JJ., concur.