854 So.2d 244 (2003)
Matthew D. CHRIST, Appellant/Cross-Appellee,
v.
Kathryn K. CHRIST, Appellee/Cross-Appellant.
Nos. 1D02-3514, 1D02-5038.
District Court of Appeal of Florida, First District.
September 5, 2003.
*245 Nancy N. Nowlis, Jacksonville, for Appellant/Cross-Appellee.
Lyman T. Fletcher and Jeffrey A. Conner, of Fletcher & Conner, Jacksonville, for Appellee/Cross-Appellant.
BROWNING, J.
In Case No. 1D02-3514, the former husband, Matthew Christ, appeals, and the former wife, Kathryn Christ, cross-appeals, certain portions of the final judgment dissolving their marriage. In Case No. 1D02-3514, Mr. Christ appeals the trial court's orders awarding Mrs. Christ's attorney's fees and costs and temporary appellate fees. We affirm the orders granting Mrs. Christ's trial fees and costs and temporary appellate attorney's fees, as well as those parts of the final judgment dissolving the marriage and designating Mrs. Christ the primary residential parent (which was undisputed). However, we reverse the equitable distribution scheme and the ruling on visitation transportation expenses and remand for findings of fact and/or further proceedings in accordance with the guidelines set forth in this opinion. To effect a just and equitable result, the trial court may, on remand, adjust the parties' overall financial arrangements as needed.
The parties were married in October 1993 in North Carolina and ceased living together in October 2000. The four children born of the marriage are currently of elementary-school age or younger. Mrs. Christ, who has a B.A. degree in English and does public-relations consulting work, lives in Jacksonville, Florida. Mr. Christ was in the United States Army but elected *246 to leave military service in 1997 after he was not selected for a promotion to major. He went to work for the United States Department of State as a foreign-service officer. At the time of the dissolution trial, he was assigned to the operations center of the Secretary of State in Washington, D.C. Before the dissolution proceedings became final in the trial court, Mr. Christ received a two-year assignment transferring him to Tbilisi, Republic of Georgia, a part of the former Soviet Union.
The trial court found that Mr. Christ's annual income was $76,296.00, comprising his base pay ($62,258.00), military voluntary separation incentive (VSI) ($11,038.00), and consulting work ($3,000.00). The court imputed annual income to the former wife in the amount of $31,000.00 based on her earning capacity and educational skills as well as the fact that she had turned down a job opportunity paying that amount during the pendency of these proceedings. Competent substantial evidence supports these findings.

Equitable Distribution
Mr. Christ contends that the trial court erred in its equitable distribution by awarding him his VSI while using the same asset as a source of income for purposes of calculating child support. In the cross-appeal, Mrs. Christ asserts that the court erred, inter alia, 1) in awarding her the marital furniture and furnishings and crediting this personal property's $10,000.00 value to her share of the marital estate, when all the furniture and furnishings are in storage under Mr. Christ's control and, without some financial assistance from him for moving expenses, she says she is effectively unable to gain possession of these items; and 2) in omitting from the equitable distribution plan the marital debt existing as of the filing date of the petition to dissolve the marriage.
The trial court awarded Mr. Christ his VSI yet also used this same asset as a source of income in calculating his child-support obligation. Mrs. Christ concedes this constitutes error as a matter of law. Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla.1986) (noting that "injustice would result if the trial court were to consider the same asset in calculating both property distribution and support obligations"); Batson v. Batson, 821 So.2d 1141, 1142 (Fla. 5th DCA 2002) (finding that the law and principles of fairness required former husband's pension to be treated either as income or as a marital asset, but not as both). However, she contends it is harmless error. Given the parties' large, mounting debts and relatively few assets, this error cannot reasonably be deemed harmless. On remand, the trial court must make specific written findings regarding how long Mr. Christ was in the Army, how much of the VSI is a "marital asset" subject to equitable distribution, and what its present value is. § 61.075(3)(b) & (5), Fla. Stat. (2001).
We find no abuse of discretion in the trial court's awarding Mrs. Christ the marital furniture and furnishings and crediting the $10,000.00 value of these items to her without also awarding her the costs of moving these things from Washington, D.C., to Jacksonville. At the dissolution trial, Mr. Christ did not contest Mrs. Christ's entitlement to these things. Mrs. Christ's allegations that it would be difficult or inconvenient for her personally to transport these items from the storage site to her Florida residence and too costly to have them shipped do not, by themselves, prove an error of law.
The trial court abused its discretion in omitting marital liabilities from the equitable distribution scheme. See § 61.075(1), (3)(c) & (5)(b), Fla. Stat. (2001). In the "equitable distribution" section *247 of the final judgment, the court listed and valued the parties' marital assets but failed expressly to address marital liabilities there or anywhere else in the judgment. Florida law provides that "[i]n distributing the marital assets and liabilities, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors," including those factors set forth in section 61.075(1)(a) through (j), Florida Statutes (2001); Collinsworth v. Collinsworth, 624 So.2d 287, 288-89 (Fla. 1st DCA 1993); Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989). Mr. and Mrs. Christ testified that they both have considerable balances on their credit cards. He testified also about a $5,756.00 outstanding loan on his truck. The trial court awarded Mr. Christ two automobiles and (apparently referring to the "truck" about which he had testified) ordered him to transfer to Mrs. Christ's possession the 1997 Ford Expedition within 15 days of his having paid off the loan balance on the vehicle. We direct the court to address marital liabilities on remand and to make adequate factual findings in the event it determines that an unequal distribution is appropriate.

Visitation Transportation Expenses
Mr. Christ alleges error in the trial court's limiting Mrs. Christ's 50-per cent contribution to visitation transportation expenses only to that time period when Mr. Christ resided in Washington, D.C., and in refusing to address the children's overseas visitation with their father. We remand for the trial court to make sufficient written findings of fact to explain and justify this limitation.
Mr. Christ's employment in foreign service enhances the likelihood that he will continue to be assigned a considerable distance from his children's Florida residence. It is good public policy, and in the minor child[ren]'s best interest, to devise a visitation plan "adequate to foster a continuing meaningful relationship between the child[ren] and the secondary residential parent." § 61.13(2)(d)4., Fla. Stat. (2001); Russenberger v. Russenberger, 669 So.2d 1044, 1045 (Fla.1996) (stating "Florida has a strong policy of maintaining a close and continuing relationship between minor children and their divorced parents"); Willey v. Willey, 683 So.2d 647, 650 (Fla. 4th DCA 1996); Day v. LeBlanc, 610 So.2d 42 (Fla. 2d DCA 1992). In that regard, the trial court attached "Long Distance Visitation Guidelines" to the final judgment. The parties were ordered to divide equally the logistics and costs of any transportation to effect Mr. Christ's visitation with the children. In his motion for rehearing, Mr. Christ argued that the court had erred by not specifically allowing overseas visitation. In her motion for rehearing, Mrs. Christ asserted error in the court's failure to limit her potentially costly share of the visitation travel expenses, in light of the geographical breadth of Mr. Christ's work assignments. The court issued a clarification order indicating that the 50/50 split in pickup and delivery travel expenses was intended to apply only for so long as Mr. Christ resided in or around Washington, D.C. Before the conclusion of the proceedings in the lower tribunal, Mr. Christ was transferred to the Republic of Georgia, a move that significantly increased the geographical distance between him and the children and almost certainly will result in greater visitation transportation costs.
The parties have four young children. It is a basic assumption of the child-support guidelines that the expenses of childrearing should be fairly and equitably shared by the parents according to their financial circumstances. See § 61.30, Fla. *248 Stat. (2001); Coons v. Coons, 765 So.2d 167, 174 (Fla. 1st DCA 2000). "The expense of transporting the minor child for visitation is a childrearing expense like any other." Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla. 3d DCA 1998). Thus, a trial court is authorized to consider whether the costs of transportation for visitation are affordable to the parents in relocation cases and to make appropriate adjustments. It is inappropriate for a court, directly or indirectly, to impose unreasonable restrictions on a parent's ability to move. See Mize v. Mize, 621 So.2d 417 (Fla.1993); Willey, 683 So.2d at 650. Mr. Christ, whose move overseas is work-related, argues the trial court abused its discretion in limiting Mrs. Christ's equal contribution to visitation expenses only to that period when he lived in the nation's capital. In Miller v. Miller, 826 So.2d 480, 481 (Fla. 1st DCA 2002), where the issue of visitation travel expenses arose in modification proceedings, we recognized the general rule that such expenses (like other childrearing expenses) should be allocated between the parties "in the same guidelines ratio as governed allocation of the other child care expenses, unless the trial court makes findings explaining why a different allocation `is needed to achieve an equitable result.'" See § 61.30(11)(a)11., Fla. Stat. (2001). If, on remand, the trial court elects not to order the parties to share financial responsibility for the children's visitation travel expenses, it must set out specific written findings justifying its decision as it relates to the parties' respective financial circumstances. See § 61.30(11), Fla. Stat. (2001); Miller, 826 So.2d at 481.

Child Support
Mrs. Christ contends that the trial court erred in denying her request for a retroactive application of the child-support award, even though the evidence established Mr. Christ's ability to pay the amount and Mrs. Christ's financial need. Whether to award child support retroactively to the filing date of the petition for dissolution is clearly discretionary. § 61.30(17), Fla. Stat. (2001). We find no abuse of discretion here. McArthur v. McArthur, 106 So.2d 73 (Fla.1958); Barrs v. Barrs, 590 So.2d 980, 981 (Fla. 1st DCA 1991). However, inasmuch as the reconsideration of the equitable distribution could affect the parties' relative financial positions, the trial court may, on remand, make any appropriate adjustments concerning the amount of child support and whether it is retroactive in application.

Attorney's Fees and Costs
Mr. Christ asserts that the trial court erred in granting Mrs. Christ's motions for trial attorney's fees and costs and temporary appellate fees, even though the evidence clearly demonstrated no financial disparity between the parties. Specifically, the court ordered him to pay $12,000.00 for her trial attorney's fees and costs within 180 days; and to contribute $5,000.00 for her temporary appellate attorney's fees and costs within 45 days. Competent substantial evidence supports the finding that although Mr. Christ's nominal income has decreased and his telephone costs have risen significantly since his transfer to the Republic of Georgia, his employer's payment of housing and other utilities expenses has helped offset the salary reduction. Mr. Christ was found to have a substantially higher income than Mrs. Christ, and she was found to be in need of financial support. Given the parties' mounting credit-card debts and very limited assets, the trial court's options for devising a fair and equitable plan for separate households were restricted, at best. Recognizing that fact, we find no abuse of discretion in the orders awarding attorney's *249 fees and costs. We stress again that the trial court may revise any aspect of the post-dissolution financial scheme in light of the changes to be made in the equitable distribution plan, so long as the final plan is fair and equitable and sufficient findings are made to justify any unequal division.
The final judgment is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The court may receive additional evidence if necessary to devise an appropriate financial plan.
BENTON and PADOVANO, JJ., CONCUR.