996 So.2d 924 (2008)
Raymond SMITH, Appellant,
v.
Ruth A. SMITH, Appellee.
No. 1D07-5379.
District Court of Appeal of Florida, First District.
December 5, 2008.
*925 Raymond Smith, pro se, Appellant.
Ruth A. Smith, pro se, Appellee.
PER CURIAM.
The husband appeals a final judgment of dissolution of marriage. We reverse in part, and remand for further proceedings.
We find the trial judge did not abuse his discretion in denying the husband's motion for continuance, denying the husband's request for alimony, and declining to require the wife to obtain health insurance for the minor child through her employment. Accordingly, we affirm on those issues without further discussion.
We reverse the award to the wife of a one-half interest in the husband's pending Social Security Disability and workers' compensation claims. "Past lost wages and loss of earning capacity and past medical expenses paid from marital funds are marital property. Damages for future loss of earnings and loss of earning capacity and future medical expenses are the separate property of the injured spouse." Weisfeld v. Weisfeld, 545 So.2d 1341, 1346 (Fla.1989). When a trial court makes an equitable distribution award, it must provide specific factual findings that identify and distinguish the marital assets from the non-marital assets. See § 61.075(3) (requiring that "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence"). A trial court's failure to make adequate factual findings in a final judgment of dissolution of marriage is typically reversible error because, in most circumstances, this failure precludes meaningful appellate review. Winney v. Winney, 979 So.2d 396 (Fla. 1st DCA 2008). On remand, the trial judge should make findings regarding the portions of future awards that are marital property.
We also reverse and remand for additional findings with regard to the distribution of the marital home. Section 61.075(1) provides that distribution of marital assets generally is equal, unless unequal distribution is justified based on factors including the
desirability of retaining the marital home as a residence for any dependent child of the marriage, or any other party, when it would be equitable to do so, it is in the best interest of the child or that party, and it is financially feasible for the parties to maintain the residence until the child is emancipated or until exclusive possession is otherwise terminated by a court of competent jurisdiction. In making this determination, the court shall first determine if it would be in the best interest of the dependent child to remain in the marital home; *926 and, if not, whether other equities would be served by giving any other party exclusive use and possession of the marital home.
§ 61.075(1)(h), Fla. Stat. (2006). Absent additional findings by the trial judge, we are unable to determine whether the trial judge abused his discretion regarding the equitable distribution of the marital home.
Finally, we reverse the child support award. If a trial court does not articulate findings regarding the actual income of the parties or any adjustments to income, a reviewing court cannot ascertain whether a child support award is within the guidelines. We remand for the trial judge to calculate the child support in accordance with the statutory guidelines set forth in section 61.30, Florida Statutes. See Finney v. Finney, 995 So.2d 579 (Fla. 1st DCA 2008).
Because the trial court's decisions concerning equitable distribution of the marital home and any future Social Security Disability and workers' compensation awards and the award of child support are not amenable to effective appellate review, we must remand the case for factual findings as to these issues. In all other respects, the final judgment of dissolution of marriage is affirmed. If necessary, on remand, the trial court may hear additional evidence to make the required factual findings in support of its determinations as to equitable distribution and child support.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BARFIELD, ALLEN, and THOMAS, JJ., concur.