LaROSE, Judge.
 

 Timothy Stewmon (the Husband) appeals the final judgment dissolving his eleven-year marriage to Karen Stewmon (the Wife). Principally, he argues that the trial court erred in its equitable distribution of assets and liabilities. The Husband raises several meritorious issues that require us to reverse, in part.
 

 Valuation Dates
 

 The Husband points out that the trial court failed to specify valuation dates for marital assets or failed to justify different valuation dates for various marital assets. Marital assets are valued as of “the date or dates as the judge determines is just and equitable under the cireumstances[;] [different assets may be valued as of different dates, as, in the judge’s discretion, the circumstances require.” § 61.075(6), Fla. Stat. (2004). Section 61.075(3) requires written findings of fact as to the distribution of assets and liabilities, including the following:
 

 (a) Clear identification of nonmarital assets and ownership interests;
 

 (b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
 

 (c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
 

 (d) Any other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.
 

 The trial court’s valuations of two trucks, two motorcycles, and two boats match those on the Wife’s July 2008 financial affidavit, with the exception of an air boat, which the trial court valued at a lower amount reflected in the Wife’s April 2005 affidavit. The trial court also valued the marital home at an amount matching the Wife’s expert’s valuation at the time of trial. But the trial court valued the Wa-chovia, Citibank, and Capital One liabilities at the amount listed in her April 2005 affidavit, rather than at the lower amounts listed in her July 2008 affidavit. The trial court assigned these liabilities to the Wife. Apparently, the trial court assigned low values to the assets and high values to the liabilities distributed to the Wife. We must also note that our record indicates that the Husband had paid off these liabilities.
 

 The trial court valued the Husband’s business at its 2003 value of $1.2 million, with his net share at $229,183. By the time of trial, a court-appointed evaluator valued the Husband’s interest at zero. The Wife testified that the Husband had received unaccounted-for disbursements from the business. The trial court explained that using the 2003 valuation would “cover the disbursements that [the Husband] has gotten over the last several years.... ” Although the transcript reveals the trial court’s reason for using the 2003 business valuation date, neither the transcript nor the final judgment explains why the trial court valued the trucks, motorcycles, boats, marital home and the Wacho-via, Citibank, and Capital One liabilities as of the dates it did. This was error. As to those assets and liabilities, on remand, the trial court should explain its rationale.
 

 Omission of Liabilities
 

 The Husband argues that the trial court failed to value and distribute all marital liabilities. Specifically, he claims that the trial court (1) omitted a $500,000 personal loan listed on his July 2008 affidavit, (2) omitted a $2600 debt he owed on a motor
 
 *314
 
 cycle, and (3) omitted an approximately $22,000 debt he owed on one of the boats and paid off when he sold it. The trial court erred in failing to explain its rationale for not valuing and distributing these liabilities.
 
 See
 
 § 61.075(3)(d), (6). On remand, this, too, should be corrected.
 

 Marital or Nonmarital Status of Assets and Liabilities
 

 Next, the Husband argues that the trial court failed to determine whether assets and liabilities were marital or nonmarital.
 
 See Smith v. Smith,
 
 996 So.2d 924, 925 (Fla. 1st DCA 2008) (holding trial court must provide specific factual findings that identify and distinguish marital from non-marital assets). He identifies the Wife’s premarital jewelry, vehicles they each purchased after the filing date, and his allegedly premarital 401K account. Our record reflects that the parties agreed on the division of personal property, including the jewelry. Nothing in our record suggests that the Wife purchased a vehicle after filing for dissolution. Apparently, the vehicle to which the Husband refers as his postfiling purchase is a Hyundai he claims to have purchased with the proceeds from the sale of a business vehicle. The trial court listed the business vehicle in the equitable distribution, but did not list the Hyundai. Because it does not appear that the trial court equitably distributed the Hyundai, we see no error.
 

 The trial court awarded the 401K account to the Husband and an IRA account to the Wife. The Husband’s testimony conflicted as to whether the 401K account was nonmarital. The Wife’s 2008 financial affidavit lists both as marital; the Husband’s 2008 affidavit lists neither. We see no error.
 

 Depleted Assets
 

 The Husband claims that the trial court erred in distributing depleted assets to him without a specific finding of his wrongful conduct.
 
 See Levy v. Levy,
 
 900 So.2d 737, 746 (Fla. 2d DCA 2005). He refers us to two bank accounts, valued at $23,650 and $22,258, that were liquidated during the dissolution proceeding to pay marital obligations. He also points to a $28,000 credit for the proceeds from the boat sale, when all the proceeds were used to pay off a boat loan and marital obligations. The trial court should have explained its distribution of any depleted assets. We direct the trial court, on remand, to make specific findings.
 

 Bankruptcy Nondischargeability
 

 Finally, the Husband argues that the trial court erred in ruling that the equalizer payment he owes to the Wife is nondischargeable in bankruptcy. We agree.
 
 See Roth v. Roth,
 
 973 So.2d 580, 589 (Fla. 2d DCA 2008) (holding bankruptcy nondischargeability provision was error that must be stricken from the judgment; a state court cannot decide a federal bankruptcy issue in a divorce case when no bankruptcy proceeding has been filed);
 
 Meeks v. Meeks,
 
 964 So.2d 185, 187 (Fla. 2d DCA 2007). On remand, the trial court should strike this provision of the final judgment.
 

 Conclusion
 

 Beyond the errors specifically described in this opinion, we affirm the final judgment of dissolution of marriage in all other respects. We remand the matter for further proceedings consistent with this opinion.
 

 Affirmed in part, reversed in part, and remanded.
 

 CRENSHAW and MORRIS, JJ, Concur.