BENTON, C.J.,
concurring in judgment.
I concur in reversing and remanding the alimony modification order for reconsideration in light of the parties’ current circumstances. The trial court’s rationale in awarding the amount of alimony it did is necessarily time-limited: The savings the trial court reasoned Mr. Galligar could and should have set aside could not cover even his reduced alimony obligation indefinitely. After it had ruled, moreover, Mr. Galligar represented to the trial court that his new employer had stopped paying him and that he would have “no income for the foreseeable future.”
As for attorney’s fees, “a trial court has the discretion to award attorney’s fees in modification proceedings after considering the parties’ financial resources.” McQuaig v. McQuaig, 36 So.3d 801, 804 (Fla. 1st DCA 2010) (citing § 61.16(1), Fla. Stat. (2008)). The trial court should take into account any alimony awarded on remand, in determining the financial positions of the parties for fee award purposes. See Pelton v. Pelton, 617 So.2d 714, 717 (Fla. 1st DCA 1992).