ROTHENBERG, J.
In 2009, a final judgment was entered dissolving the marriage between Pierre R. Cazi (“former husband”) and Rose May Prophete (“former wife”). Thereafter, the former wife moved to modify and/or clarify the final judgment. A general magistrate heard the motion and, thereafter, entered a report and recommendation in favor of the former wife.
The former husband filed timely exceptions to the general magistrate’s report and recommendations and requested a hearing on the exceptions. Contending that the former husband’s exceptions had not been timely filed, the trial court did not consider the filed objections and entered an order adopting and ratifying the general magistrate’s order. Although the former husband immediately filed a motion for rehearing, thereby alerting the trial court of its error and requesting a hearing on his exceptions, the trial court denied the former husband’s motion for rehearing and refused to conduct a hearing on the exceptions.
Because the former husband’s exceptions were indisputably timely filed, the trial court abused its discretion by adopting and ratifying the general magistrate’s report and recommendations without conducting a hearing on the.exceptions. See Fla. R. Civ. P. 1.490(h) (2012) (stating that if a party timely files exceptions to the general magistrate’s report, “they shall be heard on reasonable notice by either party”); Fla. Fam. L. R. P. 12.490(f) (providing that if exceptions are filed to a general magistrate’s report, “they shall be heard *724 on reasonable notice by either party or the court”); Collado v. Pavlow, 951 So.2d 69, 70 (Fla. 5th DCA 2007) (holding that the trial court abused its discretion by adopting the general magistrate’s report and recommendations without conducting a hearing where a party filed timely exceptions to the report and requested a hearing); Martinez v. Garcia, 575 So.2d 1365, 1366-67 (Fla. 3d DCA 1991) (holding that the trial court was required to conduct a hearing on timely filed exceptions to general master’s order).
We therefore reverse the trial court’s order adopting and ratifying the general magistrate’s report and recommendations, reverse the trial court’s order denying the former husband’s motion for rehearing and to set aside the trial court’s order approving and ratifying the general magistrate’s report and recommendations, and remand for a hearing on the former husband’s timely filed exceptions.
Reversed and remanded.