IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ELIZABETH B. MCWILSON,

     Appellant,

v.

GARY J. MCWILSON,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4123

_____/

Opinion filed June 9, 2016.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Stephen A. Pitre of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellant.

No appearance for Appellee.

PER CURIAM.

In this dissolution of marriage action, the former wife raises several issues challenging the court's distribution of the marital home, calculation of child support, and parenting plan. We affirm the distribution of the marital home and parenting plan without further comment, but agree with the former wife that the gross income used on the child support guidelines worksheet did not match the figures on the

parties' most recent financial affidavits. Absent findings explaining the disparity, we cannot determine whether the award was made in accordance with the guidelines in section 61.30, Florida Statutes, and we thus reverse and remand for recalculation. See Smith v. Smith, 996 So. 2d 924, 926 (Fla. 1st DCA 2008).

Further, the adjustment to the former husband's child support responsibility based on his estimated monthly travel expenses for visitation resulted in an allocation of approximately ninety-seven percent of those expenses to the former wife. Visitation travel expenses should be allocated "in the same guidelines ratio as govern[s] allocation of the other child care expenses, unless the trial court makes findings explaining why a different allocation 'is needed to achieve an equitable result.'" Miller v. Miller, 826 So. 2d 480, 481 (Fla. 1st DCA 2002) (quoting section 60.30, Florida Statutes). On remand, the court may divide the travel expenses according to the ratios in the recalculated child support award or make findings to support a differing allocation. Id.

REVERSED AND REMANDED.

WOLF, ROWE, and MAKAR, JJ., CONCUR.